UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joyce Burnett, <br><br>    Plaintiff, <br><br>    v. <br><br>Amar Sharma, *et al.*, <br><br>    Defendants. | C.A. No.: 06-0037 (RBW) |

## DEFENDANT OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA'S (FORMERLY KNOWN AS THE OFFICE OF THE CORPORATION COUNSEL) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

    Defendant, Office of the Attorney General for the District of Columbia, by and through counsel, respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 12(b)(6), for an Order dismissing plaintiff's complaint against it on the following grounds:

    1.    The Complaint fails to state any allegations or involvement on the part of the Office of the Attorney General, or its employees engaged in the scope of employment.

    2.    The District of Columbia Office of the Attorney General is *non sui juris*, and plaintiff cannot maintain this lawsuit against it.

    In support thereof, defendant refers this Court to the attached memorandum of points and authorities.

                                             Respectfully submitted,

                                             ROBERT J. SPAGNOLETTI
                                             Attorney General for the District of Columbia

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General, Civil Litigation Division

>	_____/s/_____
> PATRICIA A. JONES [428132]
> Chief, General Litigation, Section IV
>
>
> _____/s/_____
> LETICIA L. VALDES [0461327]
> Assistant Attorney General
> 441 4th Street, N.W.
> Sixth Floor South
> Washington, D.C. 20001
> (202) 442-9845; (202) 727-6295
> Leticia.Valdes@dc.gov

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joyce Burnett,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Amar Sharma, *et al.*,<br><br>　　　　Defendants. | C.A. No.: 06-0037 (RBW) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA'S
(FORMERLY KNOWN AS THE OFFICE OF THE CORPORATION COUNSEL)
MOTION TO DISMISS**

Preliminary Statement

Plaintiff filed the instant action on January 11, 2006, against Amar Sharma, Anasuya Sharma, Amit Sharma, Washington Agents for Service, Inc., Loewinger & Brand, PLLC, Jennifer A. Renton, Esq., Sharma Law Group (Formerly Sharma & Bhandari) and the District of Columbia Office of the Corporation Counsel[1]. Plaintiff alleges that Jennifer Renton was the primary tenant of a residence located at 4801 41st Street, N.W., Washington, D.C. and owned by Amar Sharma. Complaint at ¶ 8. According to the plaintiff, on June 14, 1998, she signed a lease to sublet a room from Jennifer Renton. Complaint at ¶ 23. Plaintiff further alleges that sometime in the fall of 1998, she discussed purchasing the premises from Mr. Sharma, and he agreed to sell the premises to her. Complaint at ¶ 25. The plaintiff then alleges that the premises had several housing code violations and Mr. Sharma knew of the unsafe conditions, but he failed to obtain the necessary permits and licenses and refused to make the repairs. Complaint at ¶¶ 26, 27, 28 and 31. According to the plaintiff, as a result of the defendants' actions she was exposed to

---

[1] The Office of the Corporation Counsel is now known as the Office of the Attorney General for the District of Columbia.

"toxic levels of CO" and she suffers from a number of illnesses including a seizure condition, multiple tumors, dizziness, headaches, and memory problems. Complaint at ¶¶ 37 and 38.

Plaintiff claims that since November 1999, Mr. Sharma and his family have refused to sell, rent or lease the premises to her because she is black. Complaint at ¶ 45. She also alleges that Mr., Sharma has made the premises unavailable to her and has refused to negotiate for the premises because of her race. Complaint at ¶¶ 46 and 47. Plaintiff further contends that on or about June 25, 2003, Mr. Sharma and his counsel had her wrongfully evicted from the premises. Complaint at ¶ 51. Plaintiff seeks compensation from the defendants for, among others, breach of warranty, defamation, retaliatory eviction, breach of contract, assault, and civil rights and fair housing act violations.

While plaintiff's lengthy Complaint sets forth a narrative of plaintiff's dealings with Ms. Renton, the Sharma family and their attorneys, it does not present any factual allegations against the Office of the Attorney General, the District of Columbia, or its employees. *See* Complaint, generally. Therefore, for the following reasons, the Office of the Attorney General is entitled to dismissal of the Complaint against it as a matter of law.

## Standard for Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and

unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

## Argument

I. **The Office of the Attorney General is *Non Sui Juris*.**

It is well-established that agencies of the District of Columbia are not suable entities. *Arnold v. Moore*, 980 F. Supp. 28 (D.D.C. 1997) (citing *Roberson v. District of Columbia Bd. of Higher Ed.*, 359 A.2d 26, 31 n.4 (D.C. 1976); *Miller v. Spence*, 330 A.2d 250, 251 n. 1 (D.C. 1974)); *Fields v. District of Columbia Department of Corrections*, 789 F. Supp. 20 (D.D.C. 1992). Because the Office of the Attorney General is not an independent corporate body, it is *non sui juris*. As such, all claims against the Office of the Attorney General must be dismissed.

II. **The District of Columbia Should Not Be Substituted as a Party Defendant.**

    A. **The Plaintiff's Complaint Fails to State a Claim on Which Relief Can Be Granted.**

Pursuant to F.R.C.P. Rule 8(a), "[a] pleading which sets forth a claim for relief … shall contain … (2) a short and plaint statement of the claim showing that the pleader is entitled to relief." While a plaintiff is not required to provide extensive details of a claim, a complaint that does not provide *any* notice to the defendant must be dismissed.

Here, the plaintiff's complaint alleges a lengthy history of dealings with Ms. Renton, the Sharma family and the Sharma's attorneys, but does not allege in any way how the Office of the Attorney General, or for that matter the District of Columbia, was involved in or responsible for her alleged injuries. In fact, plaintiff does not aver that this defendant had any personal

3

knowledge about her landlord's refusal to rent her the property that is the subject of this lawsuit, or the alleged June 25, 2003, wrongful eviction.

The plaintiff's complaint fails to make any viable claims against the District of Columbia that would entitle her to relief and fails to identify any acts committed by any employees and/or agents of the defendant that would support a claim against this defendant. *See* Complaint, generally. The complaint therefore fails to set forth a claim of relief against the defendant as required by F.R.C.P. Rule 8(a) and all claims against the Office of the Attorney General must be dismissed, and the District of Columbia should not be substituted as the proper party defendant.

## Conclusion

The Office of the Attorney General is *non sui juris*, and plaintiff cannot maintain this lawsuit against it. Moreover, substitution of the District of Columbia as the proper party defendant is futile because plaintiff failed to make any viable claims against the District for which she is entitled to relief. As such, dismissal of plaintiff's lawsuit as a matter of law is mandated.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/_____
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov

4

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joyce Burnett,<br><br>    Plaintiff,<br><br>    v.<br><br>Amar Sharma, *et al.*,<br><br>    Defendants. | C.A. No.: 06-0037 (RBW) |

## **ORDER**

Upon consideration of Defendant Office of the Attorney General for the District of Columbia's Motion to Dismiss Plaintiff's Complaint, Memorandum of Law, plaintiff's response thereto, if any, and the record herein, it is this ____ day of _____, 2006,

ORDERED:  that Defendant Office of the Attorney General's Motion to Dismiss is hereby GRANTED for the reasons set forth in its motion, and it is,

FURTHER ORDERED: that plaintiff's Complaint against the Office of the Attorney General is dismissed with prejudice; and it is,

FURTHER ORDERED:  that the District of Columbia shall not be substituted as a party defendant in this matter because plaintiff has failed to set forth viable claims against it.

_____
Judge Reggie B. Walton