# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Joyce Burnett )
)
Plaintiff, )
)  Case Number: 1:06CV00037
v. )  Judge Reggie B. Walton
)
Amar Sharma, et al. )
)
Defendants. )
)

## Defendant Loewinger & Brand, PLLC/ Washington Agents for Service's Motion to Dismiss

Defendant, Loewinger & Brand, PLLC/ Washington Agents for Service, by and through counsel, and pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure moves this Honorable Court to dismiss this suit against it for failure to state a claim upon which relief can be granted. In support thereof, as more fully set out in the annexed Memorandum of Points and Authorities to which reference is hereby made, Defendant states that Plaintiff has not made allegations against Defendant that under the applicable case law relief can be granted.

Wherefore, the premises considered, Defendant prays the instant motion be granted.

Respectfully Submitted,

Michael Brand, # 202085
Loewinger & Brand, PLLC
471 H Street, NW
Washington, D.C. 20001
202-789-2382
Counsel for Defendant

LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Motion to Dismiss and attached Memorandum of Points and Authorities was served on this _14_ day of April, 2006, via regular mail, postage prepaid, on the following:

Joyce Burnett
4408 39th Street, N.W.
Washington, D.C. 20016

Joyce Burnett
P.O. Box 6274
Washington, D.C. 20015

Michael A. DeSantis, Esq.
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Jennifer A. Renton, Esq.
P.O. Box 526
Edgewater, MD 21037

Jennifer A. Renton, Esq.
431 Highland Drive
Edgewater, MD 21037

Sharma Law Group
9911 Georgia Avenue
Silver Spring, MD 20902

Patricia A. Jones
Leticia L. Valdse
District of Columbia Office of Attorney General
441 4th Street, NW, Sixth Floor South
Washington, D.C. 20001

Michael Brand

LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Joyce Burnett | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case Number: 1:06CV00037 |
| v. | ) | Judge Reggie B. Walton |
| | ) | |
| Amar Sharma, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### Memorandum of Points and Authorities in Support of
### Defendant Loewinger & Brand, PLLC/ Washington Agents for Service's
### Motion to Dismiss

Loewinger & Brand, PLLC/ Washington Agents for Service (hereinafter "L&B")[1] is

sued in its capacity as counsel to Mr. Sharma, who has been involved in litigation with Ms.

Burnett for several years over the events that are referenced in this suit. In this capacity, the

claims that Ms. Burnett alleges come out of the representation of Mr. Sharma by L&B

before the Superior Court of the District of Columbia.

It should be noted at the outset that, as this Court has previously noted in various

orders entered in CA 03-2365, a virtually identical action between the parties,

> The underlying theme permeating plaintiff's filing…. is the alleged injustice of
> proceedings that were conducted in the Superior Court of the District of Columbia,
> Landlord and Tenant Branch, that resulted in the award of possession of property in
> which plaintiff claims an interest to defendant Sharma. Plaintiff cannot relitigate
> those matters here. Review of rulings of the Superior Court or the District of

---

[1] Although defendant's correct name is "Loewinger & Brand, PLLC", defendant is listed in the Complaint as "Washington Agents for Service/Loewinger & Brand, PLLC." "Washington Agents for Service" is the Registered Agent for service of process of Loewinger and Brand, PLLC, and defendant believes that plaintiff merely listed Washington Agents for Service in the Caption of the Complaint to identify such agent for the U.S. Marshall. While this defendant does not contest service of process in this matter, the "Party" designation in the Clerk's Office incorrectly lists "Washington Agents for Service" as the proper party rather than Loewinger and Brand, PLLC.

LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

Columbia Court of Appeals is not within this Court's jurisdiction. *See Fleming v. United States*, 847 F.Supp. 170, 172 (D.D.C. 1994) …

Document 44, 03-CV-02365. See also, Document 5, 14, and 26, 03-CV-02365.

Said judgment for possession resulted in Defendant's eviction from the premises in June, 2003. Various appeals from the judgment were dismissed by the D.C. Court of Appeals, which finally ordered its own clerk to "accept no future filings seeking to reinstate this appeal, reconsider its dismissal, vacate its dismissal, stay its opposition or having any similar nature or purpose. The repeated and meritless filings by appellant have become abusive." Document 41-1, 41-2, 03-CV-02365.

Now almost two years after the District of Columbia Court of Appeals found her position to be totally meritless, Ms. Burnett continues in her quest, now attacking Mr. Sharma's lawyers for doing what they were required to do, represent Mr. Sharma in the pending litigation.

The Federal Rule of Civil Procedure permits the Court to treat a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), as a motion for summary judgment under Rule 56. The purpose of 12(b)(6) is to permit the trial court to terminate a lawsuit that is "fatally flawed in [its] legal premises and destined to fail, and thus to spare litigants the burden of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed.Cir. 1993). Even presuming that all of the allegations of Ms. Burnett against L&B are true and resolving all questions in favor of Ms. Burnett, as required by applicable case law,[2] no relief can be granted to Ms. Burnett against L&B.

LOEWINGER & BRAND, PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

---

[2] *See Albright v. Oliver*, 510 U.S. 266, 267, 114 S.Ct. 807, 810 (1994); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683 (1974). However, the Court is not required to accept as true a plaintiff's bald assertions and legal conclusions, nor will the court draw unwarranted inferences to aid the pleader. *Alicke v. MCI* Communications

The actions by an attorney in representing a client are privileged in several respects. There is the attorney-client privilege, which is held by the client, thereby prohibiting the attorney from disclosing confidential information that was received by the attorney in representation of the client. There is also the absolute privilege preventing the statements made by an attorney in the representation of a client from being found to be defamatory. This is based upon the public policy decision that an attorney, as an officer of the court, should have the freedom in their efforts to secure justice for their client. Restatement (Second) of Torts § 586, comment a.

This privilege "protects the attorney from liability in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in its truth, or even his knowledge of its falsity." *Id.* This privilege has been called the "judicial proceedings" privilege and applies so long as it is said in the course of judicial proceeding and the content is related to those proceedings. *Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 338 (D.C. 2001). *Marsh v. Hollander*, 339 F.Supp.2d 1, 6 (D.D.C. 2004). *Arneja v. Gildar*, 541 A.2d 621, 623 (D.C. 1988). While it is true that the issue generally arises in the context of a defamation suit, the privilege nevertheless stands for the greater proposition that an attorney's statements are absolutely privileged when made in the context of litigation. Accordingly Ms. Burnett's claims against L&B cannot constitute independent causes of action.

Throughout Plaintiff's complaint there are multiple conclusory statements regarding Loewinger & Brand, PLLC's roles or references to "counsel" without identifying whether referring to Loewinger & Brand or Sharma Law Group. There are six separate allegations

LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

Corp., 111 F.3d 909, 912 (D.C. Cir. 1997). See also *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct 99, 102 (1957); *Intex Recreation Corp. v. Team Worldwide Corp.*, 390 F.Supp.2d 21, 23 (D.D.C. 2005); *Kowal v. MCI*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

5

of wrongdoing by Loewinger and Brand or the attorneys working on the matter for Mr. Sharma that are sufficiently concrete to seem to form the basis of Ms. Burnett's claims against Loewinger & Brand, PLLC.  These include (1) that at trial, Michael Brand represented that the individual Ms. Burnett supposedly gave her proposed contract to purchase did not exist (para. 25 of the complaint); (2) that associate Marc Nocera sent Ms. Burnett a motion that counsel  later decided not to file (¶ 59); (3) that L&B filed an action in violation of Super. Ct. R. 11 (¶ 63); (4) that L&B did not provide Ms. Burnett a copy of an appraisal (¶ 73); (5) that L&B refused to accept a subpoena (¶ 216); and (6) that Michael Brand referred to Ms. Burnett as Ms. Renton's (Ms. Jones) "roommate" (¶ 230).  None of these assertions form the basis of any cognizable claims against L&B.

There is no relief that can be granted to Ms. Burnett based upon her first claim, that Michael Brand represented that the individual Ms. Burnett supposedly gave her contract to purchase did not exist (See para. 25 of the complaint).  This is merely an assertion made in the course of litigation and is protected by the privilege.

Plaintiff's second claim, that associate Marc Nocera sent Ms. Burnett a motion that counsel later decided not to file (See Complaint, par. 59) is likewise not actionable.  In this instance, a motion to strike the pleadings and enter judgment based upon non-payment of the Superior Court ordered protective order was prepared and sent to Ms. Burnett.  Prior to filing the motion, it was determined that the protective order payment had been made and therefore the motion was not filed.  There was no harm to Ms. Burnett due to her receipt of a motion that was subsequently not filed against her.

Next, Ms. Burnett alleges that L&B filed an action in violation of Super. Ct. R. 11(c) (see Complaint, para. 63).  However, without going into the merits of this claim, it must fail

LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

for two reasons. First, a request for sanctions must be in the form of a motion rather than in a new suit. See Super. Ct. R. 11(c)(1)(A). The motion must also, of course, be filed in the suit complained of. It cannot be filed in this case. Second, the claim must fail due to the "safe harbor" provision to the rule that was not complied with by Ms. Burnett. This provision requires that prior to a motion for sanctions being filed; it must be mailed to the opposing party and if the opposing party does not within twenty-one days withdraw the challenged paper, then the motion can be filed. Only then may a court consider the merits of the claim and whether any relief can be granted. Super Ct. R. 11(c)(1)(A). Of course, this Court has no jurisdiction to award sanctions for violating a Superior Court rule.

Fourth, Ms. Burnett claims that L&B did not provide Ms. Burnett a copy of an appraisal (Complaint, para. 73). There is no allegation that this is something that L&B was required to provide to Ms. Burnett. Moreover, as a discovery issue in separate litigation, it too is well outside the Court's jurisdiction.

Fifth, Ms. Burnett alleges that L&B refused to accept a subpoena (Complaint, para. 216) in a matter before the D.C. Superior Court. The allegation itself, which is contained in a claim labeled "abuse of process" contains no assertion that the subpoena was, in fact, properly received, or that it was not properly honored in that action. In any event, Ms. Burnett's remedy for an impropriety before the Superior Court would have been in that action. See Fleming v. United States, 847 F.Supp. 170, 172 (D.D.C. 1994), infra. If this action (if true) was improper, Ms. Burnett was free to complain to the trial judge.

Finally, Ms. Burnett alleges that Michael Brand referred to Ms. Burnett as Ms. Renton's (Ms. Jones) "roommate" (Complaint, para. 230). Although Ms. Burnett alleges that she was a tenant of Mr. Sharma, in the same paragraph she recognizes that she was a

LOEWINGER & BRAND, PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

tenant of Ms. Renton's.  This does not automatically make her a tenant of Mr. Sharma's.  In addition, how L&B argues Ms. Burnett's position in the Superior Court is not an actionable claim upon which Ms. Burnett can obtain relief from this Court.

In addition, throughout the complaint, there appears to be a claim of "inequitable conduct."  However, Plaintiff fails to fully articulate this claim.  Inequitable conduct, like fraud, must be pled with particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure for relief to be possible.  *Intex Recreation Corp. v. Team Worldwide Corp.*, 390 F.Supp.2d 21, 23  (D.D.C. 2005); *Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1344 (Fed.Cir. 2003).  Since Plaintiff has not fully articulated this claim as required, this claim must be dismissed as well since relief cannot be granted.

Finally, each claim made by Plaintiff against Defendant relates to conduct at earlier trials and therefore the conduct is privileged as shown above.

### Conclusion

Defendant respectfully requests that it be dismissed as a party since plaintiff has failed to state a claim upon which relief can be granted.

Respectfully Submitted,

Michael Brand, # 202085
Loewinger & Brand, PLLC
471 H Street, NW
Washington, D.C. 20001
202-789-2382
Counsel for Defendant