RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

HANCY M.
MAYER-WHITTINGTON
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOYCE BURNETT

v.                                    CA 06-37 RBW

AMAR SHARMA, et al

## ANSWER OF DEFENDANT, JENNIFER A. RENTON, TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the Defendant, Jennifer A. Renton, and in Answer to the

Amended Complaint, notes that the request of the Plaintiff to amend her Complaint is

based upon: 1) "plaintiff's medical condition" and 2) "prior request for more time for

filing." The defendant, Jennifer A. Renton, has seen no documentation in the case

verifying the existence of a medical condition, or that if a medical condition exists, it

merits granting yet more time to the plaintiff to file an amended complaint. The

defendant, Jennifer A. Renton, has likewise not seen any "prior request for more time for

filing" alluded to in the plaintiff's opening paragraph. In view of these omissions, and in

view of the fact that the "amended" complaint is essentially identical to the original

complaint[1] and therefore appears to have no purpose other than to obtain more time for

the plaintiff. Whether or not to grant the plaintiff's request to amend the initial

complaint is within the sound discretion of this court. Defendant Jennifer A. Renton

requests this honorable court, based upon the aforesaid reasons, to deny plaintiff's

motion. Defendant Jennifer A. Renton further moves the court to strike all exhibits

which are referred to in the Amended Complaint as "incorporated by reference" or as

---

[1] In fact, the attestation page is a copy of some previously filed complaint, which the notary declares was "subscribed and sworn to before me this 15th day of November, 2005, by Joyce Burnett." Page 47 of plaintiff's "Amended Complaint."

otherwise attached because no exhibits were attached to the Defendant's copy of the
Amended Complaint.

Out of an abundance of caution, in specific Answer to plaintiff's Amended
Complaint, Defendant Jennifer A. Renton states as follows:

### FIRST DEFENSE

### <u>Specific Denials</u>

1. To the extent that paragraph 1 of Plaintiff's Amended Complaint contains
   factual allegations, said allegations are specifically denied. The remaining
   allegations contained in paragraph 1 are also denied. Non-factual allegations
   are neither admitted or denied, because the defendant is without sufficient
   knowledge or information to form a belief as to the truth of the allegations
   contained in paragraph 1 and therefore, said allegations are hereby specifically
   denied by the defendant.

2. The defendant is without sufficient information or knowledge to form more
   than a belief that the allegations contained in paragraph 2 of the Amended
   Complaint are false and therefore, said allegations are hereby specifically
   denied by the defendant.

3. The defendant is without sufficient information or knowledge to form a belief
   as to the residency of the plaintiff, and therefore, said allegation is denied.
   The defendant specifically denies the remaining allegations in paragraph 3 of
   the Amended Complaint.

4. The defendant specifically denies the allegations in paragraph 4 of the
   Amended Complaint.

5.  The defendant denies the existence of any state claim, the existence of any common law violations which the plaintiff could bring before this or any other court based on fact.  If one does exist, the defendant has no knowledge of it. The defendant specifically denies the allegations in paragraph 5 of the Amended Complaint.

6.  The defendant specifically denies the allegations in paragraph 6 of the Amended Complaint.

7.  The defendant has no knowledge of what the plaintiff seeks.  Defendant specifically denies the remaining allegations contained in paragraph 7 of the Amended Complaint or has no knowledge of the matter other than having read in co-defendants' motion to dismiss in the original complaint that these prior attempts of the plaintiff have been fully and repeatedly litigated and after exhaustive full and fair hearings, completely denied.  Other than the afore stated, the defendant is without sufficient information or knowledge to form a belief as to the allegations in paragraph 7 of the Amended Complaint and therefore, said allegations are denied by the defendant.

8.  Denied in part, having no knowledge of the matters asserted; admitted in part in that at one time defendant rented a house from Amar Sharma and in turn, sublet a room to plaintiff.   Defendant has no knowledge of whether the plaintiff entered into an oral agreement with Amar Sharma, the owner, to purchase "the premises."  Defendant has no knowledge of whether or not plaintiff is still in possession of the residence other than the assertions the defendant has read in plaintiff's Complaint, Amended Complaint, and

defendants' Answers and other motions pursuant to CA 06-37 RBW.  The
defendant specifically denies the remaining allegations in paragraph 8 of the
Amended Complaint.

9.  Defendant has no knowledge of matters asserted.  The defendant specifically
denies the remaining allegations in paragraph 9 of the Amended Complaint.

10. Defendant has no knowledge of matters asserted.  The defendant specifically
denies the remaining allegations in paragraph 10 of the Amended Complaint.

11. Defendant has no knowledge of matters asserted.  The defendant specifically
denies the remaining allegations in paragraph 11 of the Amended Complaint.

12. Defendant has no knowledge of matters asserted.  The defendant specifically
denies the remaining allegations in paragraph 12 of the Amended Complaint.

13. Defendant has no knowledge of matters asserted.  The defendant specifically
denies the remaining allegations in paragraph 13.  Specifically, defendant
denies ever having been in conspiracy with Amar Sharma, SLG and L&B and
or state actors.  Defendant does not know, other than Mr. Sharma, who these
other persons or entitles are.  Defendant has no knowledge of the "things
described in this petition" and specifically denies the allegations made in
paragraph 13 of the Amended Complaint.

14. Defendant has no knowledge of matters asserted.  The defendant specifically
denies the remaining allegations in paragraph 14.  Specifically, defendant
denies ever having "acted in consort"  Amar Sharma, SLG and L&B and or
state actors.  Defendant does not know, other than Mr. Sharma, the identities
of the other persons or entitles referred to in this paragraph.  Defendant has no

knowledge of the plaintiff ever having been denied "fundamental rights."

Defendant has no knowledge of the aid, influence or actions of any state

actors regarding any of the allegations made by the plaintiff. Defendant

specifically denies the allegations made in paragraph 14 of the Amended

Complaint.

15. Defendant specifically denies the allegations made in paragraph 15 of the

Amended Complaint.

16. Defendant has no knowledge of whether or not Mr. Sharma was at all times

represented by counsel. There remaining allegations in paragraph 16 of the

Amended Complaint are specifically denied by the defendant.

17. Defendant has no knowledge of matters asserted. The defendant specifically

denies the remaining allegations in paragraph 17 of the Amended Complaint.

18. Defendant has no knowledge of matters asserted. The defendant specifically

denies the remaining allegations in paragraph 18 of the Amended Complaint.

19. The defendant specifically denies that Burnett discussed the lease with Jones.

No copy of the lease was attached to the Amended Complaint mailed to the

defendant, therefore, as to the lease, the defendant has no knowledge what the

plaintiff is asserting. Defendant denies allegation that she "informed the

plaintiff that she had no written lease with Sharma." Defendant admits that

she informed Burnett that Mr. Sharma handled all the repairs unless it was

really small. No Exhibit 2 and 2 a came attached to defendant's copy of the

Amended Complaint. The defendant specifically denies the remaining

allegations in paragraph 19 of the Amended Complaint.

20. The defendant is of Caucasian descent. Mr. Sharma, but not his family, leased the premises to the defendant. Defendant specifically denies the remaining allegations in paragraph 20 of the Amended Complaint.

21. Defendant has no knowledge of matters asserted, other than Mr. Sharma informed her during her tenancy that at one time he and his family had lived at the residence and had an architect make plans for improvements. Mr. Sharma and his family did not live at the residence during the time the defendant rented the house from him. Defendant has no knowledge of who resided at the house after defendant vacated the premised. The defendant specifically denies the remaining allegations in paragraph 21 of the Amended Complaint.

22. The defendant specifically denies the allegations contained in paragraph 22 of the Amended Complaint.

23. The defendant specifically denies the allegations contained in paragraph 23 of the Amended Complaint. Once again, there was no referenced Exhibit 4 attached to defendant's copy of the amended complaint. However, the only document that ever contained the signatures of both Jones and Burnett was a sublease agreement, not a contract. Please note that nothing in print signed by the defendant ever stated that Burnett was responsible for one third of the rent. Burnett was charged $400.00 per month to sublet one bedroom in the house which defendant rented from Mr. Sharma. At the time the defendant sublet a room to Burnett, another African American female was subletting one of the other vacant rooms. Aside from these two sublet bedrooms, the entire remainder of the house was furnished by the defendant. Mr. Sharma was

aware that rooms were sublet to many various persons over the years. He was not aware of to whom the rooms were sublet to, nor was he concerned about their identities because he had no relationship to the subtenants. Other than this, defendant has no knowledge of matters asserted. The defendant specifically denies the remaining allegations in paragraph 23 of the Amended Complaint.

24. The defendant specifically denies the allegations in paragraph 24 of the Amended Complaint. Again, defendant is compelled to respond in answer to allegations which refer to Exhibits which have not been furnished to the defendant. Exhibits 5 and 5(a) did not come with defendant's copy of the Amended Complaint.

25. Defendant has no knowledge of matters asserted, except that she recalls that Mr. Sharma sometimes employed various handymen of Indian descent who could barely speak English because it was not their native language. One of them may have been named Winston. The defendant is without sufficient information or knowledge to form a belief as the truth in the allegations contained in Paragraph 25 of the Amended Complaint. However, once again, the defendant was not provided with the Exhibits 7 and 8 plaintiff attempts to incorporate by reference in her allegation. The defendant specifically denies the remaining allegations in paragraph 25 of the Amended Complaint.

26. Defendant has no knowledge of matters asserted. The defendant is without sufficient information or knowledge to form a belief as the truth in the

allegations contained in Paragraph 26. The defendant specifically denies the remaining allegations in paragraph 26 of the Amended Complaint.

27. Defendant has no knowledge of matters asserted other than while defendant resided at the premises none of these alleged conditions existed. During the defendant's tenancy, the chimney was swept by a professional company, Top Hat Chimney Sweeps. The furnace, during the tenancy of the defendant, was replaced by a new furnace which was professionally installed. None of the numerous subtenants ever experienced any health difficulties as a consequence of residing at the house. The defendant never experienced any health difficulties of any sort as a consequence of the conditions of the house. After the defendant ceased to reside at the house in 1999 and moved out, she was without sufficient information or knowledge to form a belief as the truth in the allegations contained in Paragraph 27. Once again, the defendant was not provided with Exhibits 11, 12-12 (d), 13, 14, and 15. The defendant specifically denies the remaining allegations in paragraph 27 of the Amended Complaint.

28. Defendant has no knowledge of matters asserted. The defendant is without sufficient information or knowledge to form a belief as the truth in the allegations contained in Paragraph 27. Once again, the defendant was not provided with Exhibits 16 and 16 a. The defendant specifically denies the remaining allegations in paragraph 28 of the Amended Complaint.

29. Plaintiff terms herself "tenant" but defendant no knowledge of plaintiff Burnett ever having been a tenant of the house; defendant has knowledge only

of the fact that plaintiff Burnet sublet a bedroom from the defendant.    As

Plaintiff admits she was advised by the defendant in paragraph 19 of the

Amended Complaint that repairs were done by the owner of the house: "Jones

informed the plaintiff…that Sharma handled all the repairs unless it was

something really small."[2] Defendant has no knowledge of what occurred

regarding maintenance of the house after defendant no longer leased the house

and, as of 1999, ceased to reside there.  During the time defendant resided at

the house, and to the extent defendant has knowledge of the matters alleged,

the defendant specifically denies the remaining allegations in paragraph 29 of

the Amended Complaint

30.  Due to the fact that the defendant ceased to lease the house and moved out of

state in 1999, and did not keep in contact with any of the parties named in the

Amended Complaint, the defendant is without sufficient information or

knowledge to form a belief as to the truth or falsehood of the allegations

contained in paragraph 30 of the Amended Complaint, and therefore, said

allegations are hereby specifically denied by the defendant.

31. Due to the fact that the defendant ceased to lease the house and moved out of

state in 1999, and did not keep in contact with any of the parties named in the

Amended Complaint, the defendant is without sufficient information or

knowledge to form a belief as to the truth or falsehood of the allegations

contained in paragraph 31 of the Amended Complaint, and therefore, said

allegations are hereby specifically denied by the defendant.   Defendant does

---

[2] Paragraph 19 of the Amended complaint incorrectly states also, that "Jones informed the plaintiff that she had no written leash with Sharma,…" Jones never made such a statement to Burnett, and this part of the allegation is denied in the Defendant's Answer to the Amended Complaint.

not have knowledge of Burnett ever having had a lease with the owner of the house, and therefore has no knowledge of how Burnett's eviction could be other than lawful. Defendant does not have knowledge of how Mr. Sharma could have profited from Burnett's unauthorized occupancy of the house during which she lived there presumably for free, or perhaps tried to pay for just one bedroom of the house rather than the market rent that Mr. Sharma could get for renting the entire house.

32. The premises were at no time in an unsafe and/or uninhabitable condition during the time Burnett sublet a bedroom from the defendant. The premises were never unsafe or uninhabitable during the almost ten years defendant resided there. Had the premises been unsafe and/or uninhabitable at any time during her tenancy, defendant, as did the plaintiff, had the option of moving to safe rental premises. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the remaining allegations contained in paragraph 32 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.

33. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations

contained in paragraph 33 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.

34. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 34 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant. Defendant has no knowledge of whether landlords are required by law to install CO detectors or whether there ever existed a landlord tenant relationship between the plaintiff and Mr. Sharma because the defendant has no knowledge of the existence of any lease or agreement between Mr. Sharma and the plaintiff. Once again, the Exhibit 17 which plaintiff seeks to incorporate by reference was not attached to Defendant's copy of the Amended Complaint.

35. Due to the fact that the defendant ceased to lease the house and moved out of state in 1998, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 35 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant. Once again, the Exhibit 18 which plaintiff seeks to incorporate by reference was not attached to Defendant's copy of the Amended Complaint.

36. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 36 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.

37. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 37 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.

38. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 38 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant. Once again, the Exhibits 19 and 20 which plaintiff seeks to incorporate by reference were not attached to Defendant's copy of the Amended Complaint.

39. The defendant is without sufficient information or knowledge to form a belief as to the existence of any pre-existing medical conditions the plaintiff had other than paranoia and being extremely reclusive, which the defendant

observed during the time defendant sublet a room to plaintiff in 1998. Due to the fact that the defendant ceased to lease the house and moved out of state in 1998, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 39 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.

40. During the time defendant has knowledge of plaintiff's actions, in 1998-1999, when defendant knew the plaintiff, the plaintiff made no improvements to the house; rather she damaged the house by permanently affixing a large black locked mailbox to the outside front of the house and hiring a locksmith to install a large lock into the wooden door to her bedroom. Due to the fact that the defendant ceased to lease the house and moved out of state in 1998, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 40 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.

41. During the time the defendant sublet a bedroom to the plaintiff, defendant received checks in windowed envelops. One piece of mail came in the exact type of envelop defendant usually received. Defendant opened it in error, did not read the contents upon realizing it was not addressed to her, and immediately gave the envelope to the plaintiff with an apology and explained

what had happened. (The envelope was opened in error. Defendant was in need of reading glasses and acquired them shortly thereafter.) Defendant never touched Burnett's computer and this allegation can only be the product of plaintiff's imagination or improper motives. Burnett did hire a locksmith to change the lock on her bedroom door. As a person subletting her bedroom from the defendant, she was not authorized to change any of the locks in the house. The defendant tried to stop the locksmith and called the police, but they chose to not interfere. The plaintiff was bigger and stronger than the defendant, and the defendant is afraid of physical altercations, so she could not prevent the installation of the lock or of the mailbox. However, it was unauthorized and contrary to the terms of subletting a bedroom in a house. The remaining allegations in paragraph 41 are hereby specifically denied by the defendant. Once again, the Exhibit 23 and 24 which plaintiff seeks to incorporate by reference were not attached to Defendant's copy of the Amended Complaint.

42. Defendant has no knowledge of matters asserted. The defendant has no knowledge of plaintiff Burnett having knowledge of where Mr. Sharma lived, going to his house, or of Burnett ever having communicated with Mr. Sharma. Defendant knows only of the plaintiff saying a casual hello to Mr. Sharma when he and she would both, by chance, be present in the house and in defendant's presence. Therefore, defendant is without sufficient information or knowledge to form a belief as the truth in the allegations contained in Paragraph 42 of the Amended Complaint. The Defendant specifically denies

the allegations in Paragraph 42 of the Amended Complaint. Once again, the Exhibit 34 which defendant seeks to incorporate by reference was not attached to Defendant's copy of the Amended Complaint.

43. It is true that Jones married Eric Renton and they moved from the premises. It is true that Eric Renton removed the locked mailbox which plaintiff Burnett had unlawfully nailed to the front of the house. The defendant is not aware of how Mr. Renton removed the mail box. The defendant does know that the plaintiff threatened Mr. Eric Renton. To keep the peace, Mr. Eric Renton replaced the mailbox and went and told the plaintiff that he had replaced the mailbox and that this should "make her happy." Defendant did not hear what was said after that but Mr. Eric Renton reported to the defendant that plaintiff Burnett told him she was going to sue the defendant. This greatly upset Mr. Eric Renton and he told the plaintiff that she was misusing the law and a because of that, she should not ever become a lawyer. Defendant suggested to Mr. Renton that even though Burnett was acting improperly, he should not have raised his voice. He immediately returned to Burnett's room and apologized to her for having raised his voice. The next day, plaintiff Burnett filed for a retraining order against Mr. Eric Renton. A hearing was set and a long hearing on the matter was held. When the judge heard the "merits" of the case, the case was thrown out. Mr. Eric Renton did not punch a "whole" in the wall at the premises. Mr. Eric Renton was extremely kind to Burnett. It was Mr. Renton that Burnett went to in order to ask if she could remain in the house after Jones and Renton were married. Mr. Renton agreed to let her

continue to sublet the bedroom.  The Defendant specifically denies the remaining allegations contained in paragraph 43 of the Amended Complaint.

44. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 44 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.  Once again, the Exhibit 9,  which plaintiff seeks to incorporate by reference was not attached to Defendant's copy of the Amended Complaint.

45. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 45 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.

46. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 46 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.

47. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 47 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.

48. After the defendant gave the owner and subtenant ample written and verbal notice of her intention to vacate the premises and surrender the lease, defendant did observe a "for rent" sign posted on the tree in the front yard. The sign was in plain view. The plaintiff and the public at large could see it and respond to it if they wished. The defendant heard Mr. Sharma try to reason with the plaintiff but she would not give him any answer. The defendant heard Mr. Sharma try to ascertain what the plaintiff intended to do. I believe, but I am not certain, that Mr. Sharma was trying to explain to the defendant that she could not continue to rent just one bedroom when the whole house now needed to be rented. During this conversation, the defendant did not hear the plaintiff say she would rent the entire house or that she would buy the house. She did not commit herself in anyway. During this conversation Burnett had with Mr. Sharma, Burnett did not make an offer to Mr. Sharma of any sort but nevertheless, refused to move out or accept that her circumstances could not remain the same since defendant was moving out and Burnett could no longer sublease a room from the defendant. Shortly after this conversation with Burnett, Mr. Sharma posted the sign and rented

the house.

The Defendant has some information to form the belief that the house was equally available to all future prospective renters who were able to afford the rent without the assistance of subleasing any of the rooms. The owner, Mr. Sharma, had stated to the defendant previously that the next time he rented the house, he would not permit whoever he rented it out to take subtenants. The arrangement Mr. Sharma had with the defendant was "grandfathered" in because originally (in 1989) the defendant had rented the house equally with two other law students. All three law students were on the lease. When two of the law students graduated and moved, the defendant remained and leased the entire house, subletting the bedrooms that the two law students had previously occupied to other persons. The defendant specifically denies the remaining allegations contained in paragraph 48 of the Amended Complaint.

49. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 49 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant. Once again, the Exhibit 28 which defendant seeks to incorporate by reference was not attached to Defendant's copy of the Amended Complaint.

50. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the

Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 50 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant. Due to the fact that so many subtenants came and went, and Mr. Sharma never learned the names of any of them or paid them much attention, it may be that he was not aware that the plaintiff specifically was the one of the persons subletting a bedroom until he became aware of her existence when Burnett refused to move out after the defendant vacated the premises and surrendered the lease.

51. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 51 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.

52. Due to the fact that the defendant ceased to lease the house and moved out of state in 1999, and did not keep in contact with any of the parties named in the Amended Complaint, the defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegations contained in paragraph 52 of the Amended Complaint, and therefore, said allegations are hereby specifically denied by the defendant.

53. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 53 and

therefore, said allegations are hereby specifically denied by the defendant. Once again, the Exhibits 29 and 29(a) which defendant seeks to incorporate by reference were not attached to Defendant's copy of the Amended Complaint.

54. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 54 and therefore, said allegations are hereby specifically denied by the defendant. Once again, the Exhibits 30-30(e), which defendant seeks to incorporate by reference, were not attached to Defendant's copy of the Amended Complaint. The defendant has no knowledge of Mr. Sharma ever incurring a housing code violation during the approximately ten years defendant rented the house from him. Mr. Sharma promptly responded to defendant's requests for maintenance or repairs, but he would have been unable to continue to do so if the plaintiff made it difficult for Mr. Sharma or his workmen to have access to the house.

55. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 55 and therefore, said allegations are hereby specifically denied by the defendant.

56. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 56 and therefore, said allegations are hereby specifically denied by the defendant. Once again, the Exhibit 31, which defendant seeks to incorporate by reference, was not attached to Defendant's copy of the Amended Complaint.

57. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 57 and therefore, said allegations are hereby specifically denied by the defendant. Once again, the Exhibit 32, which defendant seeks to incorporate by reference, was not attached to Defendant's copy of the Amended Complaint.

58. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 58 and therefore, said allegations are hereby specifically denied by the defendant.

59. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 59 and therefore, said allegations are hereby specifically denied by the defendant.

60. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 60 and therefore, said allegations are hereby specifically denied by the defendant.

61. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 61 and therefore, said allegations are hereby specifically denied by the defendant.

62. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 62 and therefore, said allegations are hereby specifically denied by the defendant. Once again, the Exhibit 33, which defendant seeks to incorporate by reference was not attached to Defendant's copy of the Amended Complaint.

63. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 63 of the Amended Complaint are therefore, said allegations are hereby specifically denied by the defendant. (However, one exception may be that elsewhere in the Amended Complaint the plaintiff complains that Sharma did not take action to correct an alleged mold problem. It appears from Paragraph 63 that Sharma did seek to make an appointment but that Burnett made herself unavailable, thus hindering the owner from caring for his house).

64. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 64 and therefore, said allegations are hereby specifically denied by the defendant

65. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 65 and therefore, said allegations are hereby specifically denied by the defendant. Once again, the Exhibit 9, which defendant seeks to incorporate by reference was not attached to Defendant's copy of the Amended Complaint.

66. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the allegation contained in paragraph 66 and therefore, said allegations are hereby specifically denied by the defendant.

67. The defendant specifically denies any and all alleged violations, but does admit that the Plaintiff is making unfounded and unjustified demands for relief to which she is not entitled, and for violations of which never occurred, but which are alleged in paragraph 67 of the Amended Complaint.

68. The plaintiff did sublease a bedroom from the defendant during 1998-1998. Defendant was the only person who leased the house from Mr. Sharma during that time. Because Mr. Sharma did not pay attention to whoever was subletting the bedrooms, he may have had a vague awareness the bedrooms were sublet but not a specific knowledge of who the persons were. The plaintiff saw the publicly and clearly displayed posted sign that the house was for rent. The plaintiff received in advance to the posting of the sign, clear verbal and written notices from the defendant advising Burnett that the defendant and Mr. Renton were vacating the premises and would no longer be leasing the house. At no time did the defendant ever hear Burnett make or indicate that she intended to make any offer to Mr. Sharma to buy or lease the house or even a room in the house. The defendant is without sufficient information or knowledge to form a belief as to the truth or falsehood of the remaining allegations contained in paragraph 68 and therefore, said allegations are hereby specifically denied by the defendant. Based on ten years of prior acquaintance with Mr. Sharma, and knowledge of his extreme dislike of conflict and lack of harmony, if Mr. Sharma did not wish to rent to Burnett, it may been because of the plaintiff's conduct which he had observed. However, the defendant does not believe that Mr. Sharma ever refused to lease the house to the plaintiff. Mr. Sharma was a businessman and if the plaintiff had offered to lease it on the same terms as he could get from other qualified renters, I believe he would have leased it to her. Based upon the knowledge and information I have, I do not believe the plaintiff ever made an

offer to buy or sell the house. The defendant specifically denies each and every allegation and claim alleged by plaintiff in paragraphs 68 through 250 contained under Plaintiff's Causes of Actions beginning on page 14 through 44 of the Amended Complaint. The defendant once again draws the court's attention to the fact that none of the Exhibits to which the plaintiff refers were attached to the defendant's copy of the Amended Complaint.

69. The defendant specifically denies that the plaintiff is entitled to her requested Prayer for Relief as alleged in paragraphs 1 through 18 under Plaintiff's Prayer for Relief contained on pages 44 through 46 of the Amended Complaint.

## SECOND DEFENSE

The Plaintiff's claims are barred because they are brought outside of the time permitted by all applicable statute of limitations in which to bring any of the claims alleged against the defendant.

## THIRD DEFENSE

This Honorable Court lacks jurisdiction over the subject matter.

## FOURTH DEFENSE

This Honorable Court lacks jurisdiction over the defendant.

## FIFTH DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

## SIXTH DEFENSE

The Plaintiff's claims are barred by accord and satisfaction.

## SEVENTH DEFENSE

The Plaintiff's claims are barred by contributory negligence.

## EIGHTH DEFENSE

The Plaintiff's claims are barred by a lack of a contractual relationship with the defendants.

## NINTH DEFENSE

The Plaintiff's claims are barred an assumption of the risk.

## TENTH DEFENSE

The Plaintiff's claims are barred by collateral estoppal.

## ELEVENTH DEFENSE

The Plaintiff's claims are barred by estoppal.

## TWELFTH DEFENSE

The Plaintiff's claims are barred by fraud.

## THIRTEENTH DEFENSE

The Plaintiff's claims are barred by illegality.

## FOURTEENTH DEFENSE

The Plaintiff's claims are barred by latches.

## FIFTEENTH DEFENSE

The Plaintiff's claims are barred by res judicata.

## SIXTEENTH DEFENSE

The Plaintiff's claims are barred by the statute of frauds.

## SEVENTEENTH DEFENSE

The Plaintiff's claims are barred by waiver.

## EIGHTEENTH DEFENSE

The Plaintiff has failed to meet all conditions precedent.

### NINTEENTH DEFENSE

The Plaintiff did not contract as alleged.

### TWENTIETH DEFENSE

The Plaintiff's claims are barred by Plaintiff's lack of standing.

### TWENTY FIRST  DEFENSE

The Plaintiff has failed to exhaust all required administrative procedures

and remedies.

### TWENTY  SECOND DEFENSE

The Plaintiff has failed to mitigate damages.

### TWENTY THRID DEFENSE

The Plaintiff has historically misused and abused the legal process and

continues to do so.[3]

### TWENTY FOURTH  DEFENSE

The Defendant pleads failure of consideration.

### TWENTY FIFTH  DEFENSE

The Defendant pleads failure of merit to plaintiff's claims.

### TWENTY SIXTH  DEFENSE

The Defendant pleads arbitration and award, attorney fees and costs and

applicable penalties for frivolous and/or abusive use of the legal process.

### TWENTY SEVENTH  DEFENSE

---

[3] The plaintiff was in the process of suing her prior landlord of rented her
at apartment at Corcoran Street, Washington, D.C. at the time she came to
the defendant seeking to sublet a room.   Plaintiff now sues the
owner of the house located at 4801 41st Street, NW,
Washington, D.C., and apparently has been doing so since 1999.

The Defendant pleads lack of duty and/or power to inflict the harms claimed by plaintiff in that Defendant never owned the house and the owner of the house was never an agent of the defendant.

### TWENTY EIGHTH DEFENSE

The Defendant generally denies any and all liability contained in the allegations of the Amended Complaint.

Respectfully submitted,

Jennifer A. Renton, pro se
P.O. Box 526
Edgewater, MD  21037
(240) 460-3232

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __*1*__ day of _June_, 2006, I mailed, postage prepaid, and/or emailed, a copy of the foregoing Answer to Amended Complaint to:

Joyce Burnett, *pro se*
4408 39th St., NW
Washington, D.C.  20016

Joyce Burnett
P.O. Box 6274
Washington, D.C.  20015

Michael A. DeSantis, Esq.
6301 Ivy Lane, Suite 800
Greenbelt, MD  20770

Michael E. Brand, Esq.
LOEWINGER & BRAND, PLLC
471 H St., NW
Washington, D.C.  20001

Sharma Law Group
9911 Georgia Ave.
Silver Spring, MD  20902

Patricia A. Jones, Esq.
Leticia L. Valdes, Esq.
District of Columbia Office of the Attorney General
441 4th St., NW, Sixth Floor South
Washington, D.C.  20001