## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joyce Burnett, | |
| Plaintiff, | |
| v. | C.A. No.: 06-0037 (RBW) |
| Amar Sharma, *et al.*, | |
| Defendants. | |

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, the District of Columbia (hereinafter "District), by and through counsel, respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 8(a)(2), 9, and 12(b)(6), for an Order dismissing plaintiff's Second Amended Complaint against it on the following grounds:

1.      The Second Amended Complaint fails to state a claim for which relief can be granted;

2.      Plaintiff's Second Amended Complaint fails to comply with F.R.C.P. 8 and 9;

3.      Plaintiff has failed to plead viable 42 U.S.C. §§ 1981, 1982, and 1983 claims against this defendant;

4.      Plaintiff has not properly pled a Fair Housing Act violation against this defendant;

5.      Plaintiff's ADA claim against the District fails as a matter of law; and

6.      The Fourteenth Amendment is not applicable to the District of Columbia.

In support thereof, defendant refers this Court to the attached memorandum of points and authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


    /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


    /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

Joyce Burnett,

      Plaintiff,

      v.

Amar Sharma, *et al.*,

      Defendants.

C.A. No.: 06-0037 (RBW)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT**
**DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

Preliminary Statement

Plaintiff filed her initial Complaint in this action on January 11, 2006. On March 28,

2006, undersigned filed a Motion to Dismiss plaintiff's Complaint that was unopposed.  By

Minute Order, dated April 6, 2006, this Court advised plaintiff to respond to the District of

Columbia Office of Corporation Counsel's Motion to Dismiss by May 5, 2006, or the Court may

deem matter as conceded. Plaintiff failed to respond to the dispositive motion.  Instead, on May

16, 2006, plaintiff filed this Second Amended Complaint[1] against Amar Sharma, Anasuya

Sharma, Amit Sharma, Washington Agents for Service, Inc., Loewinger & Brand, PLLC,

Jennifer A. Renton, Esq., Sharma Law Group (Formerly Sharma & Bhandari) and the District of

Columbia.

In her Amended Complaint, plaintiff alleges that Jennifer Renton was the primary tenant

of a residence located at 4801 41st Street, N.W., Washington, D.C., and owned by Amar Sharma.

Second Amended Complaint at ¶ ¶ 5, 6 and 10. According to the plaintiff, Sharma leased the

property to a "white primary tenant" who then sublet a room to the plaintiff. Second Amended

---

[1] Although plaintiff entitled this as her Second Amended Complaint, the record herein is devoid
of an Amended Complaint.

Complaint at ¶ 17.  Plaintiff alleges that she met Mr. Sharma two weeks after she moved into the

property and that he invited her and Ms. Renton over for tea.  Second Amended Complaint at ¶

19.  Plaintiff further alleges that in the late fall of 1998, she approached Mr. Sharma about

purchasing the premises not knowing that the property had dangerous housing code violations,

and that he agreed to sell the premises to her.  Second Amended Complaint at ¶ ¶ 18 and 23.

Plaintiff then alleges that after she looked at the house "more closely" she learned of

several serious problems, including a problem with the furnace, that she brought to Mr. Sharma's

attention. Second Amended Complaint at ¶ 24.  According to the plaintiff, it was at this time that

Mr. Sharma's attitude changed "quickly."  He initiated eviction proceedings against her and he

maintained that he didn't know that she was on the premises. Second Amended Complaint at ¶

25.

Plaintiff claims that the District of Columbia "came by and inspected the premises for

violations and cited Sharma for small infractions but refused to cite him for the most dangerous

violations such as the furnace not being installed properly."  Second Amended Complaint at ¶

39.  Plaintiff claims that since November 1999, and continuing to the present time, Mr. Sharma

has refused to sell, rent or lease the premises to her because she is African American. Second

Amended Complaint at ¶ 45.  Plaintiff further alleges that Mr. Sharma has also refused to

negotiate and make or enforce a contract for the premises with the plaintiff based on her race.

Second Amended Complaint at ¶ 46.  Mr. Sharma filed seven frivolous and retaliatory actions

against her and that on or about June 25, 2003, Mr. Sharma and his counsel had her wrongfully

evicted from the premises. Second Amended Complaint at ¶ ¶ 54 and 58.  Plaintiff seeks

compensation from the defendants for, among others, breach of covenant of quiet enjoyment,

breach of warranty of habitability, wrongful and retaliatory eviction, self help, defamation,

breach of contract, assault, malicious prosecution, conspiracy and civil rights and fair housing act violations. *See* Second Amended Complaint, generally.

While plaintiff's lengthy Second Amended Complaint sets forth a narrative of plaintiff's dealings with Ms. Renton, Mr. Sharma and his family and their attorneys, it does not present any factual allegations against the District of Columbia for which she is entitled to relief. *See* Second Amended Complaint, generally. Therefore, for the following reasons, the District of Columbia is entitled to dismissal of the Second Amended Complaint against it as a matter of law.

<u>**Standard for Review**</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

## Argument

I.   Plaintiff Has Failed to Set Forth Viable Constitutional Claims Against the District of Columbia.

A.   Plaintiff's Amended Complaint Fails to Satisfy the Requirements of F.R.C.P. 8 and 9.

Pursuant to F.R.C.P. Rule 8(a), "[a] pleading which sets forth a claim for relief … shall contain … (2) a short and plaint statement of the claim showing that the pleader is entitled to relief." This rule is designed "… to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *See Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977). All pleadings "shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f). Rule 9 provides that '[f]or the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." A complaint is subject to dismissal if the pleading party, even if *pro se*, "fails reasonably to inform the adverse party of the asserted cause of action." *Brown, 75 F.R.D.* at 499 While a plaintiff is not required to provide extensive details of a claim, a complaint that does not provide *any* notice to the defendant must be dismissed.

While plaintiff provides an extensive history of her dealings with defendant Sharma, she has failed to identify the date(s) on which this defendant allegedly violated her constitutional rights. Moreover, other than claiming that District employees failed to cite co-defendant for serious housing code violations, and advised Sharma and his counsel as to what to do in order for the City to rule in their favor, plaintiff has failed to place this defendant on notice of its alleged misconduct for which it can be held constitutionally liable. See Amended Complaint, generally.

The statute of limitations may bar many of not all of plaintiff's claims against this defendant. See D.C. Official Code Sections 12-301(4) and (8). However, because plaintiff does

not identify the dates upon which this defendant's alleged constitutional misconduct caused her

injury, this defendant lacks sufficient notice about the claims against which it must defend itself.

Plaintiff's failure to comply with the requirements of Rules 8 and 9 require dismissal against this

defendant.

      B.      <u>Plaintiff Has Failed to Plead Viable 1981, Claim Against the District.</u>

      Plaintiff seeks to hold the District liable under 42 U.S.C. §§ 1981.  42 U.S.C. § 1981,

provides that:

> All persons within the jurisdiction of the United States shall have the same
> right in every State and Territory to make and enforce contracts, to sue, be
> parties, give evidence, and to the full and equal benefit of all laws and
> proceedings for the security of persons and property as is enjoyed by white
> citizens, and shall be subject to like punishment, pains, penalties, taxes,
> licenses, and exactions of every kind, and to no other.

      In order to succeed on a section 1981, claim, plaintiff has the burden of proving that the

alleged unconstitutional conduct was motivated by purposeful discrimination.  *See General*

*Building Contractors Assn. v. Pennsylvania, 458* U.S. 375, 391 (1982).  In *Buffkins v Omaha*

(1990, CA8 Neb) 922 F2d 465, *reh den, en banc* (1991, CA8) 1991 US App LEXIS 2590 and

*cert den* (1991) 502 US 898, 116 L Ed 2d 225, 112 S Ct 273, the plaintiff (a black woman)

alleged racial discrimination as a result of her detention and the search of her luggage by police

officers.  The court held that the plaintiff failed to show that the officers' actions were racially

motivated purposeful discrimination under 42 USCS §  1981, where the officers' identification of

plaintiff was reasonable and nondiscriminatory in light of fact that her race matched racial

description of person described in tip given to police.

      In this case, plaintiff does not plead that the District failed or refused to enter into a

contract with her, or that the District's actions resulted in her inability to enter into a contract

with another individual.  See plaintiff's Amended Complaint, generally.  Therefore, plaintiff's

1981, claim against this defendant may not be maintained because she has failed to properly

plead a viable cause of action under 1981, against the District.

      C.      Plaintiff Has Failed to Plead Viable 1982, Claim Against the District.

      42 U.S.C. § 1982, provides that "[a]ll citizens of the United States shall have the same

right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real

and personal property." *See Jackson v.  Birmingham Board of Education,* 544 U.S. 167, 176

(2005) , *citing Sullivan v.Little Hunting Park, Inc.* 396 U.S. 229, 237 (1969).  Plaintiff fails to

implicate any misconduct by the District which led to any constitutional deprivation under the

statue.  See Amended Complaint, generally.  As such, dismisal of plaintiff's claim is appropriate.

      D.      Plaintiff May Not Maintain Her 42 U.S.C. § 1983, Claim Against the District.

      Pleading requirements are specific for municipal liability for 42 U.S.C. § 1983, actions.

According to the Supreme Court decision in *Monell v. New York City Dep't of Soc. Servs.*, 436

U.S. 658 (1978):

> "[a] local government may not be sued under § 1983 for an injury inflicted solely
> by its employees or agents.  Instead, it is when execution of a government's
> policy or custom … inflicts the injury that the government as an entity is
> responsible under § 1983."

Id. at 694.  A plaintiff seeking to impose liability on a **municipality** under § 1983 must

identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of the*

*County Commissioners of Bryan County v. Brown,* 520 U.S. 397, 403 (1997).  The

Supreme Court further held in *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985)

that, "at the very least there must be an affirmative link between the policy and the

particular constitutional violation alleged." *Oklahoma City,* 471 U.S. at 824.  The

6

*Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed <u>when the municipality was not itself at fault</u>." <u>Id</u>. at 818 (emphasis added). Although there is no heightened pleading requirement, a § 1983 complaint must allege that an established municipal policy or custom caused the constitutional violation at issue. *Dorman v. District of Columbia,* 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987). A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983, and that claim must be dismissed. *Dant*, 829 F.2d at 76. While plaintiff claims that a state actor refused to cite co-defendant for CO poisoning even after he had a copy of the red danger tag from Washington Gas, plaintiff's allegations to not rise to the level for which this defendant bears liability. The District may not be held constitutionally liable for the alleged unconstitutional conduct of its employees under a theory of respondeat superior. See *Monell,* 436 U.S. at 690, which expressly restricted municipal liability to cases in which "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." A causal link must be demonstrated between the official custom or practice and the plaintiff's injury to demonstrate liability on the part of the municipality. Even with all reasonable inferences taken in favor of plaintiff, the facts alleged in the amended complaint are insufficient under *Monell* to link the alleged constitutional violation with a District policy, practice or custom. Accordingly, plaintiff's 1983 claims against the District must be dismissed.

    E.    <u>Plaintiff Has Failed to Plead a Viable Fair Housing Act Claim Against the District.</u>

The Fair Housing Act**,** 42 U.S.C. § 3610(a)(1)(a)(i), states that "an aggrieved person may . . . file a complaint . . . ." 42 U.S.C. § 3602(1)(1) defines an "aggrieved person" as "any person

who claims to have been injured by a discriminatory housing practice." *Executive Sandwich*

*Shoppe, Inc. v. Carr Realty Corporation, et al.,* 749 A.2d 724, 733 n. 9 (D.C. Cir. 2000).  Most

of the allegations set forth in plaintiff's Amended Complaint relate to actions by co-defendants,

and not this defendant.  See Amended Complaint, generally.  There are no allegations set forth in

the Complaint to support a Fair Housing Act violation against the District.  The District did not

have housing to provide plaintiff and did not take any affirmative steps to prevent plaintiff from

obtaining housing.  Therefore, plaintiff's claims against the District under the Fair Housing Act

fail.

      F.    <u>Plaintiff's ADA Claim Fails As A Matter of Law.</u>

      To succeed on a claim under the American With Disabilities Act "ADA", plaintiff first

must prove that she was disabled within the meaning of the ADA.  The Supreme Court has held

that, to establish a disability under the ADA, a plaintiff must show that she has an impairment

that substantially limits a major life activity.  *Toyota Motor Manufacturing v. Williams*, 534 U.S.

184, 195 (2002).  According to the Court:

> "substantially limited" means "unable to perform a major life activity that the
> average person in the general population can perform"; or "significantly restricted
> as to the condition, manner or duration under which an individual can perform a
> major life activity as compared to the condition, manner, or duration under which
> the average person in the general population can perform the same life activity."

*Id.* at 195-96 (quoting EEOC Regulations, 29 C.F.R. s 1630.2(j) (2001)).  The Court further

noted that "these terms need to be interpreted strictly to create a demanding standard for

qualifying as disabled."  *Id.* at 196 (citing 42 U.S.C. § 12101(a)(1)).

      Moreover, it is not sufficient for a plaintiff to provide evidence that his or her disability is

capable of causing such limitations.  Instead, "a plaintiff must prove a substantial limit with

specific evidence that *his particular* impairment substantially limits *his particular* major life

activity." *Waldrip v. General Electric Co.*, 325 F.3d 652, 656 (5th Cir. 2003) (emphasis in original).  The Fifth Circuit Court of Appeals explained:

> The ADA requires those 'claiming the Act's protection to prove a disability by offering evidence that the extent of the limitation caused by their impairment in terms of their own experience is substantial.'" Toyota, 534 U.S. at 198 (quoting Albertson's, 527 U.S. at 567) (alterations omitted). A plaintiff cannot survive summary judgment by showing that an impairment like his own could substantially limit a major life activity of another person or in his own future. Rather, he must show that his impairment has actually and substantially limited the major life activity on which he relies.

In the instant case, plaintiff's claim fails because she has not pled and cannot demonstrate that she has a disability as defined by the statute, and that her disability results in a substantial limitation of a major life activity.  Accordingly, dismissal of plaintiff's ADA claim is required.

> G.    Plaintiff's Fourteenth Amendment Claim Fails As A Matter of Law Against the District.

Plaintiff seeks to use the Fourteenth Amendment as a theory of liability against the District.  However, plaintiff's claim under the Fourteenth Amendment is untenable against the District because the Fourteenth Amendment does not apply to the actions of the District of Columbia or its officials/employees.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1953).  Rather, the Fifth Amendment provides protection against conduct of the District and its officers and officials.  *Id.*  As such, plaintiff's claim filed under the Fourteenth Amendment must be dismissed as a matter of law.

## Conclusion

Plaintiff failed to make any viable claims against the District of Columbia for which she is entitled to relief.  As such, dismissal of plaintiff's lawsuit as a matter of law is mandated.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/ Leticia L. Valdes_____
LETICIA L. VALDES [0461327]
MATTHEW W. CASPARI [488295]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov

10

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Joyce Burnett, | |
| Plaintiff, | |
| v. | C.A. No.: 06-0037 (RBW) |
| Amar Sharma, *et al.*, | |
| Defendants. | |

## **ORDER**

Upon consideration of Defendant District of Columbia's  Motion to Dismiss Plaintiff's Second Amended Complaint, Memorandum of Law, plaintiff's response thereto, if any, and the record herein, it is this _____ day of _____, 2006,

ORDERED:    that defendant District of Columbia's Motion to Dismiss is hereby GRANTED for the reasons set forth in its motion, and it is,

FURTHER ORDERED: that plaintiff's Second Amended Complaint against the District of Columbia is dismissed with prejudice; and it is,


_____
Judge Reggie B. Walton