UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joyce Burnett </br></br>    Plaintiff, </br> v. </br></br> Amar Sharma, et al. </br></br>    Defendants. | Case Number: 06-0037 (RBW) </br> Judge Reggie B. Walton |

### Defendant Loewinger & Brand, PLLC's Motion to Dismiss "Plaintiff's Second Amended Complaint and Jury Demand" Lodged in 03-2365 and 06-0037

Defendant, Loewinger & Brand, PLLC, pursuant to Rules 12(b)(6), 12(f), 15 and 60(f) of the Federal Rules of Civil Procedure moves this Honorable Court to dismiss Ms. Burnett's (hereinafter " Plaintiff") "Second Amended Complaint" filed on May 16, 2006. In support thereof, as more fully set out in the annexed Memorandum of Points and Authorities to which reference is hereby made, Defendant shows that Plaintiff has failed to file a motion to amend the complaint in CA 03-2365 and that the "Second Amended Complaint" should have never been accepted for filing in that case. Moreover, to the extent that the "Second Amended Complaint" is deemed tendered in CA 06-0037, this Defendant is constrained to note that Defendant Sharma and Defendant Renton have filed answers to the original complaint and this Defendant has a pending Motion to Dismiss. Accordingly, even if properly filed as to this Defendant, it would be administratively unworkable for the court to treat the "Second Amended Complaint" as filed as to some, but not all parties. In addition, this Defendant incorporates its previously filed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Wherefore, the premises considered, Defendant prays the instant motion be granted.

Respectfully Submitted,

_____
Michael Brand, # 202085
Loewinger & Brand, PLLC
471 H Street, NW
Washington, D.C. 20001
202-789-2382
Counsel for Defendant

### CERTIFICATE REGARDING CONSENT

I hereby certify that in accordance with Local Rule 7(m), I requested from the Plaintiff, Joyce Burnett on June 6, 2006, to consent to this motion, and said consent was not obtained.

_____
Michael Brand

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Motion to Dismiss and attached Memorandum of Points and Authorities was served on this _6_ day of June, 2006, via regular mail, postage prepaid, on the following:

Joyce Burnett
P.O. Box 6274
Washington, D.C. 20015

Michael A. DeSantis, Esq.
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Jennifer A. Renton, Esq.
P.O. Box 526
Edgewater, MD 21037

Jennifer A. Renton, Esq.
431 Highland Drive
Edgewater, MD 21037

Patricia A. Jones  
Leticia L. Valdse  
District of Columbia Office of Attorney General  
441 4th Street, NW, Sixth Floor South  
Washington, D.C. 20001

Sharma Law Group  
9911 Georgia Avenue  
Silver Spring, MD 20902

*/s/ Michael Brand*

Michael Brand

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joyce Burnett )<br>)<br>Plaintiff, )<br>v. )<br>)<br>Amar Sharma, et al. )<br>)<br>Defendants. )<br>) | Case Number: 06-0037 (RBW)<br>Judge Reggie B. Walton |

### Memorandum of Points and Authorities in Support of Defendant Loewinger & Brand, PLLC's Motion to Dismiss Amended Complaint

On May 16, 2006, Plaintiff filed a "Second Amended Complaint and Jury Demand" in two pending cases, Civil Actions 03-2365 and 06-0037. This filing was not appropriate in either case for several reasons. First, the cases have not been consolidated. Second, the amended complaint was improperly filed.

**A.   Plaintiff's Amended Complaint Improperly Treats Civil Action Numbers 03-2365 and 06-0037 as Consolidated.**

Although Defendant has requested that these cases be consolidated, under FRCP 42 the court has not yet granted this motion. Therefore, the Plaintiff's unilateral consolidation of the cases was not proper and therefore the Plaintiff's filing should be stricken.

**B.   Plaintiff Failed to Receive Leave of Court to Amend the Complaint**

Rule 15(a) of the Federal Rules of Civil Procedure requires that if responsive pleadings have been filed the plaintiff must obtain "leave of court or…written consent of the adverse party" in order to file an amended complaint. The Plaintiff failed to receive consent of the parties or leave of court in order to amend the complaint in either CA03-2365 or CA

LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

4

06-0037. Since there have been responsive pleadings filed in both cases, the Plaintiff does not fall within the exception allowing a party to amend pleadings before responsive pleadings are filed. Although in the 2006 case, Defendant Loewinger & Brand has not yet filed responsive pleadings, but rather has filed a motion to dismiss, defendants Sharma and Renton have filed answers. It would be administratively unworkable for this Court to treat this "Second Amended Complaint" as filed as to some defendants but not as to others. In addition, Rule 15(a) only requires that "a responsive pleading" be filed to trigger the requirement that leave of court be sought, as there have been responsive pleadings filed in the CA-06-0037, leave of Court would thus be required.

Although the rule continues on to say that "leave shall be freely given when justice so requires", the Plaintiff failed to request such leave. The Court granted Plaintiff additional time to oppose the motions filed by the defendants, but did not grant leave to amend the complaint. In fact, Plaintiff has not filed any opposition to the pending motions to dismiss. It appears from a review of the "Second Amended Complaint" that Plaintiff has amended the complaint as an avenue to avoid opposing the Motions filed by various defendants. In any event, Defendant respectfully requests that this Court find that justice does not require allowing Plaintiff to file this amended complaint.

The underlying dispute began over six years ago in the Superior Court and three years ago in this Court. During that time Plaintiff has used every potential vehicle available to harass the Defendant with frivolous filings furthering the dispute. In the 2003 case [03-CV-02365], Plaintiff has been granted multiple opportunities to amend the complaint. Plaintiff's failure to follow the rules is exacerbated by a review of the record which reveals that Plaintiff has previously been admonished for failing to file a motion requesting leave to

LOEWINGER & BRAND, PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

amend the complaint, just as in the present circumstances. On October 10, 2004, the Court ordered in CA-02365 that "if plaintiff seeks to amend the complaint, she must comply with Rule 15(a) of the Federal Rules of Civil Procedure and Local Civil Rule 15.1." [03-CV-02365, Dkt. 37]. Later the Court permitted Plaintiff the opportunity to file "on or before September 15, 2005,… a motion to leave of court to amend the complaint, as required under Rule 15(a) of the Federal Rules of Civil Procedure and Local Civil Rule 15.1." [Id., Dkt. 47]. This order continued on to advise the Plaintiff "that her failure to comply with the Court's rules or orders may result in dismissal of this action." [Id.] On September 14, 2005, Plaintiff filed an amended complaint, without requesting leave of court to file. [Id. Dkt. 48]. The case was subsequently dismissed on September 23, 2005 as a result of the Plaintiff's failure to file the required motion. [Id. Dkt. 49]. The case was subsequently reinstated after Plaintiff filed a tardy "Motion for Reconsideration" on November 28, 2005, (Id. Dkt. 50). The history of this case shows that Plaintiff has been repeatedly warned that she must file a motion requesting leave to file an amended complaint. Despite being a pro se litigant, Plaintiff is a Law School graduate and therefore should not been given additional leeway. In addition, Plaintiff should not be allowed to continually amend her complaint, wasting judicial resources and the resources of the defendants. Doing otherwise would be prejudicial to the defendants.

    **C.    In the Alternative, the Second Amended Complaint Should be Stricken Pursuant To Federal Rule of Civil Procedure 12(f).**

Federal Rule of Civil Procedure 12(f) provides that by motion or sua sponte "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of this rule is to avoid the time,

effort, expense necessary to litigate spurious issues. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

In considering a motion to strike, the Court must deem all of Plaintiff's well pleaded facts as admitted, while drawing all reasonable inferences in the pleader's favor, and resolve all doubts in favor of denying the motion to strike. See Joe Hand Promotions, Inc. v. Nekos, 18 F.Supp. 2d 214, 218 (N.D.N.Y. 1998). However, the Court is not required to accept Plaintiff's conclusions of law. See United States v. Rohm & Haas Co., 939 F.Supp. 1142, 1151 (D.N.J. 1996).

Plaintiff has failed to show how Defendant Loewinger & Brand's actions as counsel caused any harm to Plaintiff that can be remedied at law. As stated in Defendant's previously filed motion to dismiss under Rule 12(b)(6), Defendant's actions were in the course of representation which is protected. Plaintiff's Second Amended Complaint is thus clearly redundant.

### D. Accepting the Second Amended Complaint As Filed was a Clerical Error that Should be Remedied Under Federal Rule of Civil Procedure 60(a).

Plaintiff's "Second Amended Complaint and Jury Demand" was not properly filed in either pending case. As noted above, as responsive pleadings had been filed in both cases, any amended complaint, "Second" or otherwise, required leave of Court. As such leave had never been sought or granted, the clerk should not have accepted the "Second Amended Complaint" for filing. In addition in the CA-06-0037 case, there had not be an earlier amended complaint, therefore it is a misnomer to say that the current complaint is a "Second Amended Complaint'. In the CA-03-2365, the Court had already permitted the filing of a Second Amended Complaint; therefore Plaintiff has improperly labeled her most recent amendment as a "Second" Amended Complaint.

LOEWINGER & BRAND, PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

7

**E.    The "Second Amended Complaint" should be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

Defendant also respectfully requests that this Court dismiss Defendant Loewinger & Brand, PLLC as a party based upon Defendant's previously filed Motions to Dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), in both cases which are incorporated herein by reference. The "Second Amended Complaint" is not substantively different than the previously filed complaint upon which Defendant's earlier filed motions to dismiss were based. (Defendant elects not to repeat verbatim the arguments previously advanced in those Motions to avoid cluttering an already overly cumbersome record). Therefore, those motions should be considered as to apply to the "Second Amended Complaint and Jury Demand" filed by Plaintiff in the present cases.

### Conclusion

For the foregoing reasons it is submitted that the instant Motion should be granted.

Respectfully Submitted,

_____
Michael Brand, # 202085
Loewinger & Brand, PLLC
471 H Street, NW
Washington, D.C. 20001
202-789-2382
Counsel for Defendant