RECEIVED
JUN 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Joyce Burnett<br>P.O. Box 6274<br>Washington, D.C. 20015<br>　　　Plaintiff<br>　　v.<br><br>Amar Sharma, et al. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No: 03-2365 and 06-0037<br>**RBW** |

## OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Pro se litigant Joyce Burnett files this motion in opposition to all Defendants' Motions to Dismiss and/or Motions to Consolidate. Defendants' motions should be denied by this Honorable Court because both of Plaintiff's complaints include a number of valid and legal allegations against the various Defendants, because the Plaintiff suffered irreparable injury, and because in the interests of justice, the Court should hear the claims under the circumstances of this case.

　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　*Joyce Burnett*
　　　　　　　　　　　　　　　　　　　　pro se litigant
　　　　　　　　　　　　　　　　　　　　Joyce Burnett
　　　　　　　　　　　　　　　　　　　　P.O. Box 6274
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20015
　　　　　　　　　　　　　　　　　　　　(202) 294-7936

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Joyce Burnett<br>P.O. Box 6274<br>Washington, D.C. 20015<br>　　　Plaintiff<br>　v.<br><br>Defendants. | § § § § § § § § § § § § | Case No: 03-2365 and 06-0037<br>**RBW** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff filed her case in federal court as she never had a reasonable opportunity to present her claims in state court. Plaintiff suffers from a seizure condition which restricts her ability to conduct and participate in certain activities particularly when time restrictions are involved. The stress of working on the case and trying to comply with various deadlines has caused and may cause the Plaintiff to have seizures and other medical complications. She also has problems communicating at times verbally and in writing as well as comprehending information.

Plaintiff's only option was to file in federal court because, during the state case, the Plaintiff made requests for additional time hoping the Court would accommodate her disability. Defendant Amar Sharma under the advice of counsel opposed such requests and the state Court denied the motions ignoring Plaintiff's medical condition.

The state case was primarily based on local law supported by the various actions the Plaintiff won in Landlord Tenant Court. As the Plaintiff still resided on the premises

2

during the state trial, the central prayer for relief was to remain on the premises. Conversely, the federal cases focus on federal law and the resulting injury stemming from the owner's negligence at the premises in dispute. The federal cases and in particular 03-2365 include independent federal claims that need to be examined by the Court. Given the date of filing and various time restrictions, should this Court determine that it will consolidate the two cases, it is pertinent that the Defendants be made to plead and respond to 03-2365 so that they cannot argue that the complaint is not timely.

It is critical that the Court not dismiss either of the complaints as such a ruling would significantly compromise the Plaintiff's ability to obtain judicial relief. While there is some overlap, the two complaints are distinct. For example, 06-0037 includes claims regarding contract rights protected under federal law, 03-2365 does not. In addition, the Plaintiff followed the Court's Order in naming the parties.

Counsel for Defendants Amar Sharma, Anasuya Sharma, and Amit Sharma, the law firm Hartel, Kane, DeSantis, MacDonald & Howie, LLP (hereinafter Hartel), argues that the two federal complaints are exactly the same which demonstrates that they failed to bother to even read the two separate complaints. The complaints do not arise out of the same incident as one focuses on the premises and the other focuses on the resulting injury which plaintiff learned of at a later date. There are additional federal allegations in 03-2365 and it is a better pleaded complaint. 03-2365 is the original complaint as is evident from the date in the case number, yet Hartel wrongly refers to 06-0037 as the "original complaint." See page 4 of Defendants' Motion to Dismiss 03cv2365, paragraphs 8 and 9.

3

Sharma Defendants represented by Hartel, argue that the Plaintiff failed to file a Motion for Leave of Court. Before the Defendants start spewing hot air, they may want to consider physically walking over to the Court and looking at the record. Technology does fail on occasion. Before the Court granted the Plaintiff's Motion for Reconsideration, she filed a new complaint. Under the Rules, a new complaint does not require a Motion for Leave of Court. Based on Hartel's failure to even conduct this basic and preliminary review before passing judgment on the plaintiff, and the viability of the Plaintiff's complaint, the Court should deny Hartel's Motions to Dismiss both complaints. For whatever reason if the Defendants have not been properly served given that they are new counsel for the Sharma's, the Court is likely to remedy that matter.

Hartel makes further allegations against the Plaintiff without bothering to check the record. See page 2 paragraph 4 of Defendant's Motion to Dismiss 03cv2365. Defendants allege that the Plaintiff violated the Federal Rules of Civil Procedure and the Court Order dated September 24, 2005, by filing a Second Amended Complaint in 06-0037 without Leave of Court. The Defendants are wrong. It is odd that the Defendants have part of the record but somehow lack the Order of the Court permitting the Plaintiff to file a Second Amended Complaint in 03-2365. In response to Defendant's wrongful allegations and the improper intent, the Plaintiff requests that the Court upon its own initiative sanction Hartel under Rule 11 for its improper behavior.

If Hartel does not wish to respond to the filed 03-2365 complaint, then the firm may wish to inform its clients, the Sharma's, that they should obtain alternative counsel. The Plaintiff has done nothing more than file actions to protect her rights under the law consistent with the Rules and Orders of this Honorable Court.

4

Claims against the Defendants in this matter arise out of the Defendants' abuse of the judicial process under color of law, conspiracy to deprive the Plaintiff of protected rights, and other related offenses including fraud. On various occasions, the Defendants' ignored the legal boundaries of judicial procedure, and thereby caused, participated in, and caused irreparable harm to the Plaintiff.

Pleadings of pro se litigants are held to a less stringent standard and in the instant action, the Plaintiff also has a medical condition. Haines v. Kerner, 404 U.S. 519 (1972). It is only appropriate to dismiss an action when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Such is not the case in the instant action as the Plaintiff has a host of documentation that supports her allegations. As the Court granted the Plaintiff's Motion for Reconsideration, the Court appears to believe that this case has merit and should indeed be heard.

Defendant Jennifer Renton requests a dismissal for failure to state a claim. "However inartfully pleaded," the Plaintiff's cases should be heard because she states valid claims that must be addressed and cannot be dismissed for failure to state a claim under the ruling of Haines v. Kerner, 404 U.S. 520-521. See also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Mrs. Renton helped produce a fraudulent document which was introduced into evidence and relied upon by the Court. Mrs. Renton is also an officer of the Court. Allegations in Plaintiff's complaint are accepted as true for the purposes of a dismissal motion of this type. See Cruz v. Beto, 405 U.S. 319, 322 (1972). See also Scheur v. Rhodes, 416 U.S. 232 (1974). With the allegations taken as true and with the supporting documents, there is no question that the case should be heard.

5

Plaintiff's allegations state various claims under which relief can be granted, thus the case must be heard.

The Defendants fail to meet their burden under Federal Rule of Civil Procedure 12 (b)(6). Accordingly, both as a Motion to Dismiss and as a Motion for Summary Judgment, Defendants' motions should be denied. The Defendants are merely trying to avoid responsibility for their abusive actions. It is particularly important that the Court hear this case as several of the Defendants are Officers of the Court, are held to a higher standard, and should know better.

The pleading requirements of the Federal Rules of Civil Procedure are liberal. See Rule 8 (a). See also <u>Badillo-Santiago v. Andreu-Garcia</u>, 70 F. Supp.2d 84, 86 (1999). According to Rule 8 (f), "pleadings shall be so construed as to do substantial justice." In order to begin to do substantial justice, the Court must first hear the case.

Jurisdiction is a critical matter in the instant action. The Court has original and subject matter jurisdiction in this action given the independent federal claims which the state court failed to remedy and the state law that is being challenged because it permits racial discrimination in housing. Given the circumstances of this case, even the Rooker-Feldman doctrine which would bar this Court from reviewing the state decision, does not apply. See <u>Rooker-Feldman</u>, 460 U.S. 463, 486 (1983). Even if the federal case is "inextricably intertwined" with a state court judgment, original jurisdiction remains because it is the state law that the Plaintiff is challenging. *Id.* See also <u>Schneider v. Colegio de Abogados de Puerto Rico</u>, 917 F.2d 620, 628 (1990).

Under Rule 11, when an attorney signs and or advocates a motion, he is representing to the Court that it is not being submitted for an improper purpose, to change

6

existing law or establish new law or for a frivolous purpose. The filing is done after an inquiry into the law and truth of the matter. See Federal Rules of Civil Procedure 11 (b) 1-4. Various Defendants have violated these rules. Under the facts of this case, Defendants actions constitute state action.

The complaint includes appropriate short plain statements which comply with the legal requirement. Any privileges that the Defendants may be entitled to should be construed extremely narrowly by this Court given the facts of this case, the attempts to disavow said facts and to cover up any misdeeds. Defendants are not immune from prosecution and accordingly, the case should be heard.

For purposes of clarification, the allegations in the complaint that refer to counsel without specifically naming Loewinger & Brand and/or Sharma Law Group are allegations against both the Sharma Law Group and Loewinger & Brand. As stated in the complaint, it is not only the actions of the Defendant that should be considered criminal but the actions in conjunction with the efforts to cover them up and avoid any liability for abusive behavior.

03-2365 is the most recently submitted case in accordance with the orders of the Court. The complaint is timely and falls within the Statute of Limitations. Both complaints however proved extremely difficult for the Plaintiff and took several months to complete. Even in that time frame, the Plaintiff was unable to include all of the allegations. The Plaintiff requests that both complaints remain separate and apart at this time as they are not identical complaints. One focuses on some Defendants as officers of the Court and includes separate federal allegations while the other includes separate other

7

and independent federal allegations. There are some claims that overlap between the two but the complaints are not identical and should remain separate.

06-0037 is a narrower complaint and is less well pleaded. However, should the Court decide to consolidate the complaints, it is critical that the Defendants be made to plead to 03-2365 for the purposes of timeliness and the various pleading requirements.

The Plaintiff incorporates herein by reference the Opposition to Defendant's Motions previously filed as the statements included may also be relevant to other Co-Defendants.

## CONCLUSION

The Plaintiff has met her burden in pleading the allegations in the complaint according to the Rules. Defendants have failed to present the Court with any persuasive arguments as to why either case should be dismissed. Defendants have also blindly accused the Plaintiff of violating Court Orders and Court Rules before taking the time to check the record. Defendants have demonstrated their irresponsibility, actions which should not be rewarded by this Court.

The Plaintifff has demonstrated that the Court indeed has subject matter jurisdiction in this matter and used plain simple statements to make her case. The plaintiff has complied with the pleading requirements of the rules and the case should move forward. Claims against the Defendants stem from actions both inside and outside of the Court including visits to the premises. The Plaintiff also requests that the Court upon its own initiative issue sanctions upon Hartel, counsel for the Sharma family in response to its wild and loose accusations for improper purposes against the Plaintiff

without first consulting the record. Under Rule 11, counsel is to at least make an inquiry, a safeguard which Hartel failed to do in its motions.

In sum, the Defendants' motions should be denied and Plaintiff's requests should be granted.

Respectfully Submitted,

*Joyce Burnett*

pro se litigant
Joyce Burnett
P.O. Box 6274
Washington, D.C. 20015
(202) 294-7936

9