UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Joyce Burnett §
P.O. Box 6274 §
Washington, D.C. 20015 §
      Plaintiff §
v. § Case No: 03-2365 and 06-0037
 § RBW
Amar Sharma, et al. §

## OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO FILE WITHIN APPLICABLE STATUTE OF LIMITATIONS AND FOR FAILURE TO STATE A CLAIM

Pro se litigant Joyce Burnett files this motion in opposition to all of Defendants' Motions to Dismiss and any other motions filed by Defendants. Defendants' motions should be denied by this Honorable Court because Plaintiff's original complaint, evident by the date, 03-2365, is timely and the Court has not yet made a determination regarding the additional complaint 06-0037. Because the original compliant is timely, and the Plaintiff has suffered irreparable harm, the complaint should proceed forth. Under the Federal Rules, additional claims that the Plaintiff failed to include may be added to the original complaint with the Court's permission, but the Plaintiff has already filed an additional complaint which includes a number of the additional claims.

Defendant Renton has failed to check the record or has ignored it entirely. The Plaintiff refers the Court to the attached Memorandum of Points and Authorities. By

RECEIVED

JUL - 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

mention, the Plaintiff incorporates her previously filed Oppositions to Defendants' Motions to Dismiss.

                                                            Respectfully Submitted,

                                                            *Joyce Burnett*

                                                            pro se litigant
                                                           Joyce Burnett
                                                           P.O. Box 6274
                                                           Washington, D.C. 20015
                                                           (202) 294-7936

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joyce Burnett § | |
| P.O. Box 6274 § | |
| Washington, D.C. 20015 § | |
| Plaintiff § | Case No: 03-2365 and 06-0037 |
| v. § | **RBW** |
| § | |
| Defendants. § | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Renton's motion is full of misrepresentations and errors. On page 2 of her motion, Ms. Renton claims, "At no time during her long occupancy did Ms. Renton or any of the other occupants of the house ever experience any health problems of any sort as a consequence of residing there." Ms. Renton herself had a number of health problems for which she took medication. However, as Ms. Renton is not a medical doctor and has no medical training, she is not qualified to make such an all inclusive statement. The Plaintiff did suffer from conditions at the premises and so did Ms. Renton though she may not have known it at the time because of all of the medication she was on.

Ms. Renton continues with her misrepresentations on page 3 where she states that the plaintiff, "explained she was seeking a new place to live because she was in the process of suing her landlord at Corcoran Street and she was no longer permitted to live there." The Plaintiff moved to the premises to be located closer to American University

3

as she would be attending the school. The Plaintiff has never been involved in any litigation concerning any premises on Corcoran Street.

Mr. Renton did threaten the Plaintiff as he has an anger management problem and had just been fired from a job. The Plaintiff sought a protective order. The Superior Court judge who heard the case determined that a protective order might jeopardize his economic future and for that reason she denied the order. However, the Plaintiff does not consider her physical safety and well being to be less important than someone's economic future. Nevertheless, the Plaintiff chose not to file criminal charges as the Renton's decided to move out.

Ms. Renton presents what she claims are undisputed facts in her motion. As the Court has net yet made its determination, all of her statements at this time are in dispute. The primary claim Renton makes is one of timeliness. As noted above, Plaintiff restates that the original complaint 03-2365 is timely. Moreover, additional complaints that were filed in the District of Columbia Superior Court remain timely but have not yet been heard. Renton may be unaware of the complaints because she was an additional party. The Plaintiff did receive the Court's permission to add additional parties, and that is precisely what the Plaintiff did. Fortunately, Ms. Renton is wrong in her assumption that the statue of limitations has run out. Such is not the case because of the original complaint.

Renton makes a number of misrepresentations in her Secondary Argument which begins on page seven of her motion. There are a number of claims which pertain to Ms. Renton including conspiracy and false representations to the Court regarding the signed

4

lease. Once the Court determines that the case will move forward, then everything will be brought out in the open. For justice to be served this is what needs to happen.

On page twelve of her motion, the Defendant again makes false representations. There is no Amended Complaint on 06-0037. There is only an Amended Complaint on 03-2365 which the Plaintiff received the Courts permission to amend. In the interests of time, the Plaintiff is unable to address each of the erroneous statements in the Defendant's Motion. Moreover, Plaintiffs are permitted to plead in the alternative.

## CONCLUSION

The Plaintiff has filed a timely and actionable complaint against the various defendants as prescribed by the Rules. Defendant wishes to ignore the original complaint in which she was added as a party. The Defendant makes no mention of the original complaint which was filed in a timely fashion and includes legitimate claims against Defendant Renton and the remaining Defendants.

Defendant offers no proof of any of her false statements made in her motion. Once the case is heard by the Court, then the truth will come out and the Court and jury can determine for itself what happened and who is entitled to relief and for what. The Plaintiff specifically requests that the Court deny Defendant Renton's request to Dismiss the case against her. She is party to the discriminatory acts which took place against the Plaintiff and from her motion it is clear whose side she is on. Hopefully under oath she will tell the truth. Each Defendant should be tried on the various claims made against them.

By mention, the Plaintiff incorporates all other Oppositions filed in response to Defendant's Motions as information in the various motions may also be relevant to this response. The Plaintiff begs the Court to deny all motions on the part of the various Defendants.

Respectfully Submitted,

*Joyce Burnett*

pro se litigant
Joyce Burnett
P.O. Box 6274
Washington, D.C. 20015
(202) 294-7936