UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE BURNETT,<br><br>                Plaintiff,<br><br>   v.<br><br>AMAR SHARMA, *et al.*,<br><br>                Defendants. | Civil Action No. 06-0037 (RBW) |

## ORDER

      This matter is before the Court on defendants' motions to dismiss.  In accordance with the rulings in *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) and *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992), upon the filing of each motion, the Court issued an Order advising the *pro se* plaintiff of her obligations under the Federal Rules of Civil Procedure and Local Civil Rule 7(b) to file an opposition or other response to the motion by a date certain.  Each Order warned plaintiff that, if she failed to file a timely response, the Court may treat the motion as conceded.

      The record reveals that plaintiff has failed to comply with each of these filing deadlines.  Defendant District of Columbia Office of the Attorney General filed a motion to dismiss on March 28, 2006.  Plaintiff was instructed in an April 6, 2006 Order to file her response to this motion by May 5, 2006.  Defendant Loewinger & Brand, PLLC/Washington Agents for Service filed a motion to dismiss on April 19, 2006.  Plaintiff was instructed in an order filed on April 19, 2006 to file her response to defendant's motion by May 19, 2006.

1

Defendant Jennifer A. Renton filed a motion to dismiss on April 24, 2006. Plaintiff was instructed in an April 25, 2006 Order to file her response to this motion by May 26, 2006. Defendants Onkar N. Sharma and Sharma Law Group (formerly Sharma & Bandari) filed a motion to dismiss on May 3, 2006. Plaintiff was instructed a May 4, 2006 Order to file her response to this motion by May 31, 2006.

Local Civil Rule 7(b) expressly authorizes the Court to treat a motion as conceded if the opposing party fails to file and serve her memorandum of points and authorities within the time set for her opposition. *See, e.g., Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997); *Stephenson v. Cox*, 223 F.Supp.2d 119, 120 (D.D.C. 2002). This rule "assists the district court in 'maintain[ing] docket control and . . . decid[ing] motions . . . efficiently and effectively.'" *Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d at 67 (quoting *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996)).

Although plaintiff is proceeding *pro se*, she is no stranger to the litigation process, having pursued an earlier civil action in this Court and, apparently, several matters in the Superior Court of the District of Columbia and the District of Columbia Court of Appeals. She was able to file an amended complaint, with 234 numbered paragraphs on 55 pages (not including exhibits), yet she failed to oppose defendants' motions or to request additional time within which to do so. "[A] district court need not relinquish control of its docket to a party who repeatedly fails to comply with the court's procedures." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d at 151. Notwithstanding the late filing of her opposition on June 13, 2006, the Court will grant the defendants' motions to dismiss as

conceded. *See Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58 at 68 (affirming grant of summary judgment where defendant failed to file opposition timely); *Weil v. Seltzer*, 873 F.2d 1453, 1459 (D.C. Cir. 1989) (appellant who failed to file opposition timely "is deemed to have waived his opposition and . . . he may not now complain on appeal"); *Halmon v. Jones Lang Wootton USA*, 355 F.Supp.2d 239, 245 (D.D.C. 2005) (treating defendant's failure to respond to plaintiff's supplemental memorandum as concession); *Sokos v. Hilton Hotels Corp.*, 283 F.Supp.2d 42, 53 (D.D.C. 2003); *McGlothlin v. Resolution Trust Corp.*, 913 F.Supp. 15, 19 (D.D.C. 1996) (granting motion to dismiss as conceded for plaintiffs' failure to respond), *aff'd*, 111 F.3d 963 (D.C. Cir. 1997); *see also Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) (regarding predecessor to LCvR 7(b), District of Columbia Circuit stated, "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule").

Accordingly, it is hereby

ORDERED that defendant District of Columbia Office of the Attorney General's motion to dismiss [Dkt. #13] is GRANTED. The motion to dismiss the Second Amended Complaint [Dkt. #25] is DENIED as moot. District of Columbia Office of the Attorney General therefore is dismissed as a party to this action. It is further

ORDERED that defendant Loewinger & Brand PLLC/Washington Agents for Service's motion to dismiss [Dkt. #16] is GRANTED. The motion to dismiss the Second Amended Complaint [Dkt. #26] is DENIED as moot. Loewinger & Brand, PLLC/Washington Agents for Service therefore is dismissed as a party to this action. It is further

ORDERED that defendant Jennifer A. Renton's motion to dismiss [Dkt. #18] is

GRANTED.  The motion to dismiss the Second Amended Complaint [Dkt. #28] is DENIED as moot.  Jennifer A. Renton is dismissed as a party to this action.

ORDERED that the motion to dismiss filed on behalf of Onkar N. Sharma and Sharma Law Group (formerly Sharma & Bandari) [Dkt. #20] is GRANTED.  The motion to dismiss the Second Amended Complaint [Dkt. #24] is DENIED as moot.  Onkar N. Sharma and Sharma Law Group (formerly Sharma & Bandari) therefore are dismissed as parties to this action.

SO ORDERED.

Date:  July 8, 2006

/s/
REGGIE B. WALTON
United States District Judge