UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Joyce Burnett
P.O. Box 6274
Washington, D.C. 20015
　　　　Plaintiff
v.

Amar Sharma, et al.

§
§
§
§
§
§
§
§
§
§
§
§

Case No: 03-2365 and 06-0037
RBW



RECEIVED

JUL 19 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Pro se litigant Joyce Burnett files this motion to request Leave to Amend the Complaint. It is within the discretion of this Court to grant this request pursuant to Federal Rule of Civil Procedure 15 (a). There appears to be some confusion regarding two separate complaints that the Plaintiff has filed. Defendants have filed a number of responses which would cause undue delay in this matter. The Plaintiff desperately needs for this matter to move forward. The Plaintiff also seeks to correct an error in the naming on the record of Defendant Loewinger & Brand, which the Defendant has complained about the Court.

Plaintiff Requests Leave of Court so that she can amend and file one single complaint under 03-2365, the original complaint. The requested amended complaint is not attached as the Plaintiff suffers from a mental disability and is not able to complete Court documents within a short amount of time. The Plaintiff has suffered irreparable harm and wishes that all claims be heard together at one time as part of a single action.

As such, the Plaintiff is less like to have seizures and other medical complications while working on this case. Each of the defendants is aware that they are party to this claim.

The proposed amendment will include all claims included in case 06-0037 but the case will be filed under the original case, 03-2365. This motion is timely, will not prejudice the defendants, does not promote bad faith or dilatory action, and is not futile.

Respectfully Submitted,

*Joyce Burnett*

pro se litigant
Joyce Burnett
P.O. Box 6274
Washington, D.C. 20015
(202) 294-7936

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joyce Burnett § | |
| P.O. Box 6274 § | |
| Washington, D.C. 20015 § | |
|     Plaintiff § | Case No: 03-2365 and 06-0037 |
| v. § | **RBW** |
| § | |
| Defendants. § | |

## MEMORANDUM OF POINTS AND AUTHORITIES

The Plaintiff filed an original complaint in 2003. She later filed another complaint in 2006. There is some overlap between the two complaints, however, the complaints are not identical. In order to speed matters along and clear up confusion. The Plaintiff is requesting Leave of Court to Amend and file one single complaint. In the instant action, at least some of the multiple Defendants have already filed a responsive pleading mandating that the Plaintiff request Leave of Court. "A party may amend the party's pleading only by leave of court … and leave shall be freely given when justice so requires." Fed R. Civ. P 15 (a). Amending of the complaint is favored, "to facilitate a proper decision on the merits." Black Radio Network, Inc. v. Nynex Corp., 44 F. Supp. 2d 565, 573 (S.D.N.Y. 1999) (quoting Conley v. Gibson, 355 U.S. 41,48 (1957).

The Plaintiff is filing this motion in order that the case proceed forward on the merits and to avoid undue delay as may be caused by the numerous motions filed by the various defendants. And while the Plaintiff recognizes that the granting of this motion

3

may result in some minimal delay, ultimately it will save the Court and the parties time, energy and effort, and "will not unduly prejudice the defendant." State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (1981). Moreover, delay alone is not a sufficient reason to deny a motion to amend. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir., 1973).

The Court must consider the following factors in determining this motion, "undue delay, bad faith, futility and prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir., 1973). Of these three factors, undue prejudice to the opposing party is the critical one. As discovery has not begun, there is no scheduling order, and the case remains in its early stages, the granting of this motion is in order. All Defendants have yet to file an answer. Moreover, should any defendants oppose this motion, the burden would be on them to establish prejudice. DCD Programs, Ltd v. Leighton, 883 F.2d 183, 186-187 (9th Cir. 1987).

Prejudice is demonstrated by re opening discovery and adding complaints or parties. In Re Fritz Companies Securities Litigation, 282 F. Supp.2d 1105 (N.D. cal. 2003). As noted, there has been no discovery yet and all parties have already been added. The Plaintiff does wish to include additional claims and she is both adding in a second complaint that had already been filed and of which the defendants are aware. More importantly, the Plaintiff is evaluating long term health and economic concerns that had not yet emerged at the time of the previous filing.

The Plaintiff wishes for this case to move forward and thus there is no evidence to support any claim of bad faith or dilatory action on her part. The Plaintiff has previously filed for Leave to Amend but does suffer from medical problems. Thus there is no

4

inability to cure deficiencies. The Plaintiff takes more time than is prescribed in the rules because of her disability. Moreover, Plaintiff has a number of valid claims against the various defendants. Granting of this motion will not be futile. Accordingly, since the supporting facts of this case present "a proper subject of relief," ...the Plaintiff should be "afforded the opportunity to test [her] claims on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).

The rules of the Court favor amendment and litigation of all claims in one case. See Arkansas-Platte & Gulf Partnerhsip v. Dow Chemical Co., 886 F.Supp. 762, 765 (1995). The relaxed standard applies with particular force to pro se litigants." Pangurn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999). Justice requires that the Court grant Plaintiff's motion for leave to amend the complaint.

## CONCLUSION

Specifically the Plaintiff requests Leave to Amend to combine the two complaints into one, the original and timely first complaint, to include any additional claims that have recently emerged, to correct the error in naming one of the Defendants, and to plead each claim with more specificity. For the reasons set forth above, the Plaintiff respectfully requests that this Court grant its Motion for Leave to File an Amended Complaint under 03-2365.

Respectfully Submitted,

*Joyce Burnett*

5

pro se litigant
Joyce Burnett
P.O. Box 6274
Washington, D.C. 20015
(202) 294-7936