IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JOYCE BURNETT,              :
                            :
        Plaintiff,          :
                            :
v.                          :   Case No.: 1:03cv2365 RBW
                            :
AMAR SHARMA, et al.,        :
                            :
        Defendants.         :

## DEFENDANT AMAR SHARMA'S SECOND MOTION FOR SUMMARY JUDGMENT

As stated in Amar Sharma's motion to dismiss this action for want of jurisdiction, the remaining claims against Mr. Sharma are solely comprised of state law toxic tort claims over which the Court lacks jurisdiction over. Mr. Sharma therefore believes that once the Court rules upon the pending motion to dismiss for want of jurisdiction this Second Motion for Summary Judgment will be moot.

In light of the Court's ruling that Defendants must file all dispositive motions by May 15, 2007, however, Defendant Amar Sharma must out of an abundance of caution file this Second Motion for Summary Judgment because Ms. Burnett's remaining claims against Ms. Burnett are barred by *res judicata*.

Mr. Sharma's first motion for summary judgment was granted in part but denied without prejudice as to Mr. Sharma's assertion that *res judicata* barred the toxic tort claims asserted by Ms. Burnett against Mr. Sharma. In addressing Mr. Sharma's *res judicata* argument as to the toxic tort claims, the



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

Court concluded that Mr. Sharma's exhibit was insufficient proof that Civ. No. 01-5488 was dismissed for want of prosecution. March 30, 2007 Memorandum Opinion at 7. The Court therefore denied without prejudice this portion of the Amar Sharma's motion for summary judgment, presumably to allow Mr. Sharma to proffer better proof that the dismissal of Civ. No. 01-5488 was for want of prosecution.

*Res Judicata* bars the litigation of the remaining claims by Plaintiff Joyce Burnett against Amar Sharma because Plaintiff brought a previous civil action based on the allegedly hazardous condition of 4801 41st Street, N.W., Washington, D.C. 20016 ("the property") that was dismissed for want of prosecution. This dismissal bars the present action against the Sharmas because the present action is based on the same events and occurrences that formed the basis of the previously litigated and dismissed action.

### Procedural History

On July 24, 2001, Plaintiff Joyce Burnett filed a "Complaint for Declaratory Judgment, Permanent Injunctive Relief, and Damages Involving Real Property" in the Superior Court of the District of Columbia against Amar Sharma and the Law Offices of Sharma & Bhandari. This action, <u>Burnett v. Sharma</u>, Civ. Action No. 01-5488 (D.C. Super. 2001) ("the 5488 case") alleged "discrimination in the sale of housing on the



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

basis of race." (Ex. A ¶ 1). The original complaint also alleged that the property was in poor condition and in violation of the applicable housing code. (Ex. A ¶¶ 35, 38, 44-45).

On or about September 17, 2001, the Superior Court accepted an Amended Complaint in the 5488 case, after Plaintiff filed a certificate of attempts to obtain defendants' consent to amend. (Ex. B). The September 17, 2001 Amended Complaint in the 5488 case asserts that the property was kept in an allegedly dangerous condition. (Ex. B at ¶ 1 D).

In November 2003, Plaintiff filed the instant action in the United States District Court for the District of Columbia. On January 18, 2006, Plaintiff filed a second federal action regarding the property against Sharma, Civil Action Number 06-00037, in the United States District Court of the District of Columbia.

On February 10, 2006, the Superior Court for the District of Columbia dismissed the 5488 case for want of prosecution. (Ex. C). The dismissal was not accompanied by a signed Order by the judge. A certified copy of the docket entries in that case, attached as exhibit C, indicates that the dismissal was for want of prosecution. (See Exhibit C). The dismissal did not specify that it was not an adjudication on the merits of the 5488 case. (Ex. C).



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

On August 16, 2006, this Court ordered the 06-00037 case and the present case consolidated, setting October 2, 2006 as the date for Plaintiff to file a Final Amended Complaint. Plaintiff complied with this order and submitted a timely Final Amended Complaint.

Counts VI-X of the Final Amended Complaint allege that Plaintiff was injured as a result of the allegedly dangerous environmental conditions on the property. Count VI of the Final Amended Complaint asserts that the Defendants negligently failed to maintain the property in a habitable state. Likewise, Count VII (Breach of Warranty of Habitability)[1] alleges that the environment in the property breached an implied warranty of habitability. Count VII (Breach of Contract) asserts that the allegedly unsafe environmental conditions violated breached an alleged contract between Plaintiff and Amar Sharma. Count IX alleges that Defendants are strictly liable for the property because it was allegedly in a defective condition that was unreasonably dangerous to the Plaintiff. Count X alleges that the Defendants failed to warn Plaintiff of the dangers posed by the allegedly unhealthy condition of the property.

In the 5488 case, the Amended Complaint of September 17, 2001 states:

---

1. The Final Amended Complaint contains two Count VII's, one at ¶¶ 59-64 and one at ¶¶ 65-68. The Final Amended Complaint does not contain a Count VIII.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

> That at the beginning of Plaintiff's tenancy at 4801 41st Street, there were numerous emergency housing conditions that would be considered housing code violations that required attention, that the Defendant knew of these conditions, and that Defendant failed to take appropriate action to correct such violations. That said conditions among others included water leaking from the toilet and bath down into the kitchen, a fire place not being attached to the wall, and the furnace emitting dangerous levels of $CO_2$ . . . That by his actions described above, Defendant breached the implied warranty of habitability . . .

Ex. B.

In a June 16, 2003 Plaintiff filed an Affidavit in Support of Plaintiff's Motion to Alter or Amend Judgment that stated, "A mold company determined that toxic mold was on the premises as a result years of poor maintenance." (Ex. E at ¶ 7). The affidavit continues, "I developed several illnesses including seizures which were caused by conditions on the premises." (Ex. E at ¶ 11).

### Statement of Undisputed Material Facts

Under any set of facts, the state tort claims against Mr. Sharma must be dismissed with prejudice because they attempt to re-litigate matters that were decided against Plaintiff in the 5488 case.

### Summary Judgment Standard

A motion for summary judgment should be granted when the moving party demonstrates that there is no genuine dispute of



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

material fact and that judgment is appropriate as a matter of law. See Alan v. Washburn, 437 F.3d 84, 89 (D.C. Cir. 2006). Summary judgment allows courts to preserve judicial resources for cases with merit by dismissing those actions that do not present a triable dispute. See Sparrow v. United Airlines, 216 F.3d 1111, 1118 (D.C. Cir. 2000) (explaining "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later").

### Argument

A.  *Summary Judgment for the Defendant Sharma on the Remaining Claims Against him is Required because They Were Previously Decided Against Plaintiff in the 5488 Case.*

Summary judgment for Mr. Sharma must be entered because the present action attempts to re-litigate tort claims that have already been disposed of by the 5488 case. *Res judicata* bars the prosecution of claims that either were, or should have been, finally decided in prior litigation against the Plaintiff. See U.S. Indust., Inc. v. Blake Constr. Co., Inc., 765 F.2d 195, 207 (D.C. Cir. 1985). A claim should have been brought in a prior litigation if it arises from the same transactions and occurrences that form the basis for the prior legal action. See Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984) (explaining *res judicata* bars "any further claim based on the



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-6-

same nucleus of facts").[2]  Once claims arising out of a transaction or occurrence are finally decided against the Plaintiff, the Plaintiff is bared from re-litigating the matters in subsequent actions.  See U.S. Indust., Inc., 765 F.2d at 207; Page, 729 F.2d at 820.

Summary judgment against Plaintiff on all claims that either were raised, or arise from the same transactions and occurrences, in the 5488 case is appropriate.  Under federal law and District of Columbia law, a dismissal for want of prosecution "operates as an adjudication on the merits."  See American Nat. Bank & Trust Co. of Chicago v. United States, 142 F.2d 571, 572 (D.C. Cir. 1944).  Rule 41 (b) of District of Columbia Superior Court Rules of Civil Procedure states:

> For failure of the plaintiff to prosecute . . . the Court may, *sua sponte*, enter an order dismissing the action or any claim therein . . . Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, <u>operates as an adjudication upon the merits</u>."

D.C. SCR-Civil Rule 41 (emphasis added).



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

2. Federal common law of *res judicata* is in harmony with District of Columbia law of *res judicata*, hence no choice of law analysis is required.  See U.S. Indus. Inc. v. Blake Constr. Co., Inc., 765 F.2d 195, 204 (D.C. Cir. 1985).

The 5488 case was dismissed for want of prosecution, without otherwise specifying that the dismissal was not on the merits. (Ex. C). As proof of this fact, Mr. Sharma has attached exhibit C, which is a certified copy of the docket entries in the 5488 case, indicating that the action was dismissed for want of prosecution. (Ex. C). Under District of Columbia law, certified copies of docket entries are admissible in evidence under the public records exception to the hearsay rule. See Goldsberry v. United States, 598 A.2d 376, 379 (D.C. 1991). Under Goldsberry, authentic docket entries are admissible in evidence because the matters contained in the docket entries are, as a matter of law, within the personal knowledge and observation of the recording official and prepared pursuant to a duty imposed by law or the nature of the office. See Goldsberry, 598 A.2d at 379-80. (holding that docket entries are admissible in evidence under the public records exception to the rule on hearsay). The docket entries of the 5488 case are certified by the clerk of the District of Columbia Superior court and therefore are admissible to prove that the 5488 case was dismissed for want of prosecution. Accordingly, the 5488 case ended in a final judgment on the merits against Plaintiff Joyce Burnett.

The dismissal of the 5488 case bars the re-litigation of all claims that either were, or should have been, asserted in



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

that action. See Holcomb v. Holcomb, 209 F.2d 794, 796-97 (D.C. Cir. 1954). In Holcomb v. Holcomb, the United States Court of Appeals for the District of Columbia explained that a dismissal for want of prosecution is *res judicata* for:

> [P]oints on which the court was actually required to pronounce judgment, but, as well, to every point which properly belonged to the subject of the controversy and which the parties, in exercise of reasonable diligence, might have brought forward at the time.

Holcomb v. Holcomb, 209 F.2d at 796-98.

Accordingly, dismissals for want of prosecution against the Plaintiff in a prior suit have the same effect, for the purposes of the *res judicata* analysis, as any other judgment against the Plaintiff in the prior suit, such as a jury verdict. See Holcomb, 209 F.2d at 796-98; American Nat. Bank & Trust Co. of Chicago, 142 F.2d at 572 (holding dismissal for want of prosecution was *res judicata* to subsequent suit). Plaintiff Joyce Burnett is precluded from bringing any action that was either asserted in, or is based on the same or transactions forming the basis of, the 5488 case.[3]



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

3. The preclusive effect of the dismissal for want of prosecution of the 5488 case attaches regardless of *any* explanation for the dismissal offered by the Plaintiff. The order of dismissal "cannot be modified by extrinsic evidence." American Nat. Bank & Trust Co. Of Chicago v. United States, 142 F.2d 571, 572 (D.C. Cir. 1944).

Plaintiff Burnett is barred from pursuing the present action against Amar Sharma because it asserts claims that are either the same as, or arise from the same transactions and occurrences in, the 5488 complaint that was dismissed for want of prosecution.  See Holcomb, 209 F.2d at 796-98; American Nat. Bank & Trust Co. of Chicago, 142 F.2d at 572.

Counts VI-X of the Final Amended Complaint in this action are based on the same allegedly hazardous conditions in the Amended Complaint of September 17, 2001 in the 5488 case; allegedly dangerous levels of carbon monoxide and mold.  (See Ex. C).  Plaintiff submitted numerous filings to the court in the 5488 case regarding the cause of her alleged illness and the extent of the alleged disability that mirror the allegations in Counts VI-X in the present action.  (See Ex. D at ¶¶ 7, 11 (Plaintiff stating in affidavit "A mold company determined that toxic mold was on the premises as a result years of poor maintenance" and that she "developed several illnesses including seizures which were caused by conditions on the premises").

Plaintiff Burnett is barred from bringing the present action against the Amar Sharma, in its entirety, by *res judicata* because the present action states the same claims as the 5488 complaint, and arises from the same events and occurrences at issue in that action.  The 5488 dismissal for want of prosecution is entitled to preclusive effect.  Accordingly,



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-10-

summary judgment for the Defendants on this action must be granted.

                                Respectfully submitted,

                                HARTEL, KANE, DeSANTIS,
                                MacDONALD & HOWIE, LLP

By: _____/S/_____
    Michael A. DeSantis, #422602
    Darragh L. Inman, #501582
    Capital Office Park
    6301 Ivy Lane, Suite 800
    Greenbelt, Maryland 20770
    Telephone: (301) 486-1200
    Facsimile: (301) 486-0935



### STATEMENT OF POINTS AND AUTHORITIES

1. <u>Alan v. Washburn</u>, 437 F.3d 84, 89 (D.C. Cir. 2006).

2. <u>Sparrow v. United Airlines</u>, 216 F.3d 1111, 1118 (D.C. Cir. 2000).

3. <u>U.S. Indust., Inc. v. Blake Constr. Co., Inc.</u>, 765 F.2d 195 (D.C. Cir. 1985).

4. <u>American Nat. Bank & Trust Co. of Chicago v. United States</u>, 142 F.2d 571 (D.C. Cir. 1944).

5. <u>Goldsberry v. United States</u>, 598 A.2d 376 (D.C. 1991).

*6. <u>Holcomb v. Holcomb</u>, 209 F.2d 794 (D.C. Cir. 1954).

_____/S/_____
Michael A. DeSantis

HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __14th__ day of __May__, 2007, I mailed, postage pre-paid, a copy of the foregoing to:

Joyce Burnett, *pro se*
P.O. Box 6274
Washington, D.C. 20015

Michael E. Brand, Esquire
LOEWINGER & BRAND, PLLC
471 H Street, N.W.
Washington, D.C. 20001

Jennifer A. Renton, Esq., *pro se*
P.O. Box 526
Edgewater, MD 21037

Sharma Law Group
9911 Georgia Avenue
Silver Spring, MD 20902

District of Columbia
 Office of Corporate Counsel
441 4th Street, N.W.
Washington, D.C. 20001



/s/
Michael A. DeSantis, #422602

E:\MAD\Burnett v. Sharma\Amar Sharma's Renewed Motion for Summary Judgment.wpd

HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Capital Office Park
6301 Ivy Lane, Suite 800
Greenbelt, Maryland 20770
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205