EXHIBIT A

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JOYCE BURNETT )
4801 41ST Street N.W. )
Washington, D.C. 20016 )
      Plaintiff, )
) 01-0005488
)
v. ) Civil Action No. _____
)
AMAR SHARMA )
4813 Bayard Blvd. )
Bethesda, MD 20816 )
      Defendant, )
and )
LAW OFFICES OF SHARMA & BHANDARI )
9911 Georgia Avenue )
Silver Spring, MD 20902 )
      Counsel For Defendant )



**COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT
INJUNCTIVE RELIEF, AND DAMAGES
ACTION INVOLVING REAL PROPERTY**

INTRODUCTORY STATEMENT

    1. This is an action for declaratory judgment, permanent injunctive relief, and damages for discrimination in the sale of housing on the basis of race. This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601, et seq., and the Civil Rights Acts of 1866, 42 U.S.C. §§ 42 U.S.C. 1981 and 1982. Plaintiff brings this action to enjoin Defendant's discrimination on the basis of race in the provision of selling the single family residence located at 4801 41st Street NW, Washington, D.C. 20016, ("premises"). Defendant, while offering his housing accommodation to a white person, refused to consider a bona fide offer from an African American. In addition, Defendant, offered housing accommodation to white persons while misrepresenting and denying the availability for sale to an African American person solely on the basis of race and color. This discrimination contributes to segregation in the District of Columbia, and jeopardizes the economic and social welfare of the citizens of the District of

Columbia. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages and statutory penalties.

## JURISDICTION and VENUE

2. Plaintiff brings this action pursuant to the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982, and the Civil Rights Act of 1968, Title VIII (the Fair Housing Act of 1968 as amended), 42 U.S.C. §§ 3601 et seq. This court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, 1343 (a)(4) and 42 U.S.C. § 3612 (now 3613). This court also has jurisdiction to adjudicate Plaintiff's claims under the District of Columbia Human Rights Act of 1977 as amended, D.C. Law 2-28, D.C. Code §§ 1-2501-2557 (1992). Under 28 U.S.C. §§ 2201 and 2202, this court may declare the rights of the parties and grant all further relief found just and proper.

3. Venue is proper in this District as the claim arose in the District of Columbia.

## DEMAND FOR A JURY TRIAL

4. Plaintiff requests a trial by jury, as provided by Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff, JOYCE BURNETT, appears before this court pro se. Joyce Burnett is an African American female who made a bona fide offer to purchase a residence owned by Defendant, and who has been, and continues to be, adversely affected by the acts, policies, and practices of the Defendant. Plaintiff Burnett resides at 4801 41st Street N.W. Washington, D.C. 20016.

6. Upon information and belief, Defendant, AMAR NATH SHARMA, resides at 4813 Bayard Blvd. Bethesda, MD 20816. Defendant Sharma owns the single family residence located at 4801 41st Street N.W. Washington, D.C. 20016, and recently sold two of the several homes he owned in the Greater Metropolitan District of Columbia Area.

7. Defendant Sharma is represented by counsel, Onkar Sharma, of the Law Offices of Sharma & Bhandari, 9911 Georgia Avenue, Silver Spring, MD 20902.

## FACTS

8. On or about June 14, 1998, Plaintiff signed a lease with Ms. Jones for the purposes of occupying one room on the premises.

9. On or about August 15, 1998, Plaintiff became aware that Defendant intended to sell the premises. Defendant was in the process of selling two other local properties, one in Bethesda, MD and the other in Washington, D.C.

10. On or about August 15, 1998 Plaintiff became aware that Defendant offered the premises to Ms. Jones for its tax assessed value of $186,000. The offer remained open.

11. On or about August, 1998 Plaintiff learned that Ms. Jones was having difficulty obtaining financing that would enable her to purchase the premises because of a bankruptcy.

12. On or about September, 1998 Plaintiff informed Defendant of her desire to purchase the premises located at 4801 41st Street NW, Washington, D.C. 20016. Defendant was visiting the premises while repair work was being done by one of Defendant's employees. Defendant agreed to sell premises to Plaintiff, and promised Plaintiff first right of refusal.

13. On at least five other separate occasions over the course of the next year, Plaintiff discussed purchasing the premises with Defendant. Plaintiff also discussed an inspection and appraisal of the premises with Defendant. During each discussion of the sale of the house, Defendant confirmed that he wished to sell the house to Plaintiff and repeated that Plaintiff had the first right of refusal.

14. On or about February, 1999, Plaintiff in anticipation of purchasing the premises, had premises inspected.

15. On or about March 5, 1999, in anticipation of purchasing the premises, had the premises appraised by JDC Appraisals, a company located in Silver Spring, MD.

16. During winter of 1999, in anticipation of purchasing the premises, Plaintiff contacted a local real estate agent, pursued financing, and had a family member travel at personal expense to Washington, D.C. to see premises.

17. On or about July 24, 1999, Plaintiff made a bona fide offer to Defendant for purchase of premises. After three to four weeks of not hearing anything, Plaintiff became concerned about Defendant's failure to respond. Plaintiff inquired of Defendant about the bona fide offer during his very next visit to the premises. Defendant refused to sell property to Plaintiff.

18. On or about August, 1999, [and continuing to the present time,] Defendant refused to sell, refused to negotiate for the sale of, and otherwise made unavailable and denied to Plaintiff the premises.

19. At the time of said refusal, the premises was available for inspection and sale, and Plaintiff was ready, willing, and able to purchase said real estate on the terms and conditions upon which Defendant was offering the premises to white persons.

20. Plaintiff remains ready, willing, and able to purchase said real estate on the terms and conditions upon which Defendant would sell to white persons.

21. In the acts and conduct herein cited, Defendant acted intentionally and maliciously and was guilty of wanton and wilful disregard of the rights and feelings of Plaintiff.

22. On or about October 19, 1999, Plaintiff requested to lease entire house from Defendant. Plaintiff discussed the lease of the premises with Defendant on several occasions thereafter. Each time, Defendant refused to lease premises to Plaintiff.

23. On or about October 19, 1999, Defendant refused Plaintiff's continuing requests to lease entire premises, citing that Plaintiff, as a full-time student, could not possibly afford to lease the premises. Defendant's refusal was in violation of the D.C. Human Rights Act. Defendant also noted that he preferred to rent to a family.

24. On or about November, 1999, Defendant leased house to white couple.

25. On or about November 15, 1999, Defendant sent notice to Plaintiff that locks on premises would be changed.

33. On November 23, 1999, Plaintiff was granted a Temporary Restraining Order against

the Defendant by the Honorable Judge Margaret A. Haywood, in D.C. Superior Court (case no. 8301-99) which shortly thereafter became a Permanent Injunction.

34. On or about November 29, 1999, in violation of the TRO cited above in paragraph 33, Defendant served Plaintiff with improper thirty day notice.

35. On or about January, 2000, Plaintiff requested housing inspection from the District of Columbia Department of Consumer and Regulatory Affairs because of suspected housing code violations. On or about, February 4th, 2000, Officer Hauser, a duly authorized agent of the Department of Consumer and Regulatory Affairs, cited Defendant for numerous housing code violations. In addition to numerous housing code violations noted by D.C. housing code inspector, Defendant failed to make lead paint disclosure required under federal law, Title X § 1018, which requires that buyers and renters of homes built prior to 1978 receive warning of possible lead paint from landlords at the time of the sale or lease.

36. On or about February 4th, 2000, Defendant filed improper eviction papers against Plaintiff that failed to comply with District of Columbia Landlord Tenant Eviction Procedures.

37. On or about February 14, 2000, Plaintiff filed tenant petition against Defendant with Department of Consumer and Regulatory Affairs.

38. On or about April and May, 2000, Defendant attempted to have utilities at the premises disconnected knowing full well that Defendant was still residing there. Those he was unable to disconnect, he had transferred into his name. He misrepresented to the duly authorized agents of PEPCO and Washington Gas that Plaintiff could not pay her bills. He paid one PEPCO bill, failed to make further payments, and then misrepresented to PEPCO using proof of his own payment that Defendant was unable to pay her utility bills. Defendant's action was a clear violation of the Permanent Injunction cited above in # 33, and District of Columbia Law Landlord Tenant law which prohibits self help.

39. On or about April 5th, 2000, Defendant returned partial rental payments made by Plaintiff. Plaintiff made regular rental payments to Defendant in the amount to which he was entitled from December, 1999 through March, 2000. After receiving, holding, and exercising dominion over said payments for several months, Defendant returned $1600 out of of $2000 Plaintiff had paid to Defendant.

40. On or about July 25, 2000, Plaintiff opened ecrow account at bank for deposit of rent funds returned to Plaintiff.

41. On or about March, 2001, nearly two years after refusing to lease or sell premises to Plaintiff, Defendant stated to Plaintiff on the premises, that he remained in touch with Mrs. Renton, and was still considering her request to purchase the house.

42. On or about February 14, 2000, Plaintiff filed a discrimination complaint with the D.C. Office of Human Rights (00-118-H). After a thorough investigation, on or about June 28, 2001, the Office of Human Rights made a specific determination of probable cause that Defendant violated the DCHRA as it pertains to rental housing on the basis of race regarding Plaintiff.

## CLAIMS

43. By his actions described above, Defendant subjected Plaintiff to discrimination on the basis of race in the sale of real property, and otherwise made unavailable and denied premises to an African American solely on the basis of race and color in violation of the Fair Housing Act of 1968, 42 U.S.C. § 3604 (a) and (d).

44. By his actions described above, Defendant has filed eviction actions against Plaintiff, attempted to terminate utility services to the premises, attempted to increase rent well over and above what former tenant paid, and threatened Plaintiff that the locks would be changed, thereby coercing and intimidating Plaintiff and interfering with her right to seek housing without discrimination as provided by the Fair Housing Act of 1968, 42 U.S.C. § 3617.

45. By his actions described above, Defendant, solely on the basis of race, denied or withheld housing accommodations to a Plainitff and thereby interfered with Plaintiff's rights to seek housing without discrimination as provided by the Fair Housing Act of 1968, 42 U.S.C. § 3617.

46. By the actions described above, Defendant, on the basis of race and color, has denied Plaintiff the same rights and opportunities to enter into, execute, and enforce contracts as white citizens, for the purchase of a home, in violation of the Civil Rights Act of 1866, 42 U.S.C. 1981.

47. By his actions described above, Defendant on the basis of race and color, denied Plaintiff the same right and opportunity to lease property as white citizens, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982.

48. By his actions described above, Defendant, solely on the basis of race, denied or withheld housing accommodations to Plaintiff and represented that housing accommodation was not available for purchase, when in fact such accommodation was available for purchase, in violation of the District of Columbia Human Rights Act.

49. By his actions described above, Defendant, on the basis of matriculation, denied or withheld housing accommodations from a black person and represented that housing accommodation was not available for purchase, when in fact such accommodation was available for purchase, in violation of the District of Columbia Human Rights Act.

50. By his actions described above, Defendant has violated and continues to violate the District of Columbia Human Rights Act, which prohibits subjecting persons to discrimination in their civil rights based on sex, race, and color.

51. By his actions described above, Defendant's unlawful conduct has injured Plaintiff and will continue to cause irreparable injury to Plaintiff, who has no adequate remedy at law. Relief by damages alone for Defendant's continuing unlawful conduct would require a multiplicity of lawsuits.

52. ~~By Defendant's actions described above, Plaintiff is informed and believes that~~ Defendant will continue his unlawful conduct unless restrained from doing so.

53. Plaintiff requests that the court restrain Defendant from denying Plaintiff housing or otherwise violating the provisions of the Fair Housing Law.

54. Plaintiff requests attorney's fees in accordance with 42 U.S.C. § 3613 (c) 2 which provides that prevailing parties may recover attorney's fees in the court's discretion in actions brought pursuant to the Fair Housing Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

That the Court order Defendant to provide Plaintiff the right to inspect and purchase the real estate in question exclusive of considerations of race and color;

That the Court issue an injunction permanently restraining and enjoining Defendant from refusing to show, negotiate for the sale of, or sell said real estate to Plaintiff;

That pending the final hearing and determination of this cause, the Court issue a temporary restraining order and a preliminary injunction restraining and enjoining Defendant, his officers, agents, employees, and all those persons in active concert or participation with them from showing, negotiating for the sale of, or selling said real estate to anyone other than Plaintiff;

Or in the alternative that appropriate compensatory and punitive damages be awarded to Plaintiff and against Defendant;

That Plaintiff be awarded her costs and reasonable attorneys' fees in this action; and

That the Court grant such additional and further relief as may be just and proper.

## JURY DEMAND

Trial by jury is demanded on all issues.

Joyce Burnett

*/s/ Joyce Burnett*
Pro se Plaintiff

Joyce A. Burnett
4801 41st Street NW
Washington, DC 20016
(202) 362-9507

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion to Dismiss was mailed, first class, postage prepaid to Mr. Okar N. Sharma, Attorney for Plaintiff, on this 20th day of 2001.

Joyce Burnett

*Joyce Burnett*