**EXHIBIT B**



SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION



JOYCE BURNETT )
4801 41st Street NW )
Washington, D.C. 20016 )
    Plaintiff, )
)
              CIVIL ACTION No. 01-0005488
)  Calendar #6
V. )
)  The Honorable Judge Franklin A. Burgess, Jr.
AMAR SHARMA )
4813 Bayard Blvd. )
Bethesda, MD 20816 )
)

FILED
CIVIL ACTIONS BRANCH
SEP 17 2001
Superior Court
of the District of Columbia
Washington, D.C.

## CERTIFICATION OF PLAINTIFF'S ATTEMPT'S TO OBTAIN DEFENDANT'S CONSENT TO MOTION TO AMEND

    I hereby certify that I have made numerous and several attempts to serve process on the Defendant in the above captioned matter. I have made various and several attempts to serve both the Defendant and the person he represented to be his counsel. The Defendant refused service of process. The person Defendant represented to be his counsel also refused service of process. I attempted to serve Defendant and the person he represented to be his counsel via prepaid certified mail return receipt. Service was refused each time. I have been unable to obtain Defendant's consent to the motion to amend because he is avoiding service of process altogether. Each attempt at service of process is detailed below.

    1. On July 19, 2001, the person Defendant represented as his counsel responded to correspondence addressed to Defendant regarding possible settlement discussion of above referenced matter. A copy of the correspondence is enclosed.

    2. On July 27, 2001, Plaintiff attempted to serve notice to person Defendant represented as his counsel in above captioned matter via postage prepaid certified mail return receipt requested at Law Offices of Sharma & Bhandari Attention: Mr. Sharma 9911 Georgia Avenue Silver Spring, MD 20902. A copy of the return receipt is enclosed.

    3. On August 1, 2001, the person Defendant represented as his counsel sent written correspondence to Plaintiff regarding the above captioned matter. A copy of the correspondence

is enclosed.

4. On August 4, 2001, Plaintiff attempted to serve notice to person Defendant represented as his counsel in above captioned matter via postage prepaid certified mail return receipt requested at Law Offices of Sharma & Bhandari Attention: Mr. Sharma 9911 Georgia Avenue Silver Spring, MD 20902. Notice included amended complaint. A copy of the return receipt is enclosed.

5. On August 6, 2001 the person Defendant represented as his counsel returned notice to Plaintiff claiming inability to accept service of process. A copy of the correspondence is enclosed.

6. On August 7, 2001, the person Defendant represented as his counsel returned notice to Plaintiff claiming inability to accept service of process. A copy of the correspondence is enclosed.

7. On August 10, 2001, Plaintiff attempted to serve notice on Defendant in above captioned matter via postage prepaid certified mail return receipt requested at 4813 Bayard Blvd. Bethesda, MD 20816. Notice included initial order, summons, complaint, and amended complaint. Plaintiff also attempted service via certificate of mailing and priority mail. Defendant refused service. A copy of the envelope is enclosed.

8. Plaintiff is also in possession of tape recorded message left on Plaintiff's phone line by law office of person Defendant represented as his counsel.

9. Person Defendant represented as his counsel continues to represent Defendant in all other matters concerning the real estate which is the subject matter of the above referenced matter.

WHEREFORE, Plaintiff has not been able to obtain Defendant's consent for the aforesaid reasons, Plaintiff requests that the Court approve and accept the motion to amend absent Defendant's consent.

Respectfully Submitted,

*Joyce Burnett*
Joyce Burnett, Pro Se Plaintiff
4801 41st Street NW
Washington, D.C. 20016

## MOTION TO AMEND
## ACTION INVOLVING REAL PROPERTY

This motion to amend seeks to include all claims regarding the real property that is the subject matter of this case under one action. This motion to amend is an effort to clarify former, existing, and forthcoming matters that relate to the same set of facts and issues. This motion to amend seeks to subjugate Defendant's existing and forthcoming claims against Plainitff to the civil action captioned above. Plaintiff submits this motion to amend after having made numerous and several attempts to serve notice on Defendant pursuant to D.C. Superior Court Rule 12-I(a) including consent to this motion. Both Defendant and the person he represented to be his counsel have refused various and several attempts at service of process. In addition to the special changes noted below, Plaintiff wishes to amend each instance of "sale" to "sale or lease" where appropriate.

1. Plaintiff requests that the Court allow the complaint in the above referenced matter to be amended to add/include the following changes:

A. **Introductory Statement**
That the above referenced matter is an action in discrimination for the sale and rental of housing based on race.
That the action arises under the District of Columbia Human Rights Act of 1977 as amended.
That the action arises under the District of Columbia's Municipal Regulations ( The D.C. Code).
That the action arises under the Rental Housing Act of 1985 - District of Columbia Code § 45.
That the action is brought to enjoin Defendant's discrimination on the basis of race in the provision of leasing the residence in dispute.
That Defendant offered housing accommodation (sale and lease) to a white person, while refusing to consider a bona fide offer from an African American.
That Defendant misrepresented and denied the availability for sale and lease to an African American.

## JURISDICTION and VENUE

B. This Court has jurisdiction under Title 14 of the District of Columbia Municipal Regulations.

This Court has jurisdiction under the District of Columbia Rental Housing Act of 1985.

### C. Parties

That Plaintiff Joyce Burnett made several bona fide offers to purchase and lease a residence owned by Defendant. See paragraph 5.

Plaintiff remains unclear regarding Defendant's legal representation. After counsel accepted service of the complaint (the subject matter of this action) via registered signed receipt mail, counsel discussed the matter with Plaintiff, and mailed Plaintiff written correspondence regarding the matter. Counsel then returned the complaint to Plaintiff stating that he was not authorized to accept service in this matter. After returning the complaint to Plaintiff, the same counsel for Defendant posted a summons on the premises (that required Plaintiff appear in Court) to initiate eviction proceedings against Plaintiff - Case no. 033779-01 in Landlord Tenant Court. Defendant **may** be represented by counsel, but Plaintiff is uncertain. When Plaintiff attempted to serve Defendant via registered return receipt mail, he refused the service. See paragraph 7.

### D. Facts

That at the beginning of Plaintiff's tenancy at 4801 41st Street, there were numerous emergency housing conditions that would be considered housing code violations that required attention, that the Defendant knew of these conditions, and that Defendant failed to take appropriate action to correct such violations. That said conditions among others included water leaking from the toilet and bath down into the kitchen, a fire place not being attached to the wall, and the furnace emitting dangerous levels of $CO_2$.

That Defendant refused to negotiate for the lease of the premises. See paragraph 18.

That premises was available for inspection, sale, and lease, and Plaintiff was ready, willing, and able to purchase and/or lease the premises on the terms and conditions upon which Defendant was offering premises to Ms. Jones, a white person. See paragraph 19.

That Plaintiff remains ready, willing, and able to purchase said real estate on the terms and conditions upon which Defendant would sell to Ms. Jones, a white person. See paragraph 20.

That Defendant filed for exemption for the premises on the same day he served improper notice to the Plaintiff. See paragraph 28.

Defendant refused to have massive amounts of trash, placed behind the premises as a result of the former Ms. Jones' departure, hauled away from the dwelling despite several complaints and calls from neighbors on the block and Plaintiff.

Defendant failed to replace stolen garbage can (and has never done so) at premises creating a health and sanitation problem on the premises.

### E. Claims

That by his actions described above, Defendant is in violation of the Rental Housing Act of 1985 § 45 which restricts legally permissible reasons a housing provider may seek possession.

That by his actions described above, Defendant was not entitled to lease premises for rent because of serious housing code violations sufficient to void any lease.

That by his actions described above, Defendant is in violation of 42 U.S.C.A. § 3601 which seeks to provide for fair housing throughout the United States.

That by his actions described above, Defendant has attempted to avoid falling subject to the rules and regulations of the District of Columbia Housing Regulations regarding rent control. See paragraph 28.

That by his actions described, Defendant remains in violation of federal disclosure laws regarding lead paint. See paragraph 29.

That by his actions described above, Defendant subjected Plaintiff to discrimination on the basis of race in the lease of real property thereby violating 42 U.S.C.A. § 3604 (a), (b), (c), and (d). See paragraph 37.

That Defendant's discriminatory behavior is continuing and ongoing. See paragraph 40.

That Defendant's discriminatory behavior is continuing and ongoing. See paragraph 41.

Plaintiff requests that the Court restrain Defendant from violating the District of Columbia's Municipal Regulations.

That Defendant continues to bring eviction suits against Plaintiff for which relief cannot be granted by law in the District of Columbia given Defendant's lack of good faith, and failure to come within one of the permissible reasons for eviction. Defendant's actions against Plaintiff are retaliatory in nature and thus violate Title 14 of the District of Columbia Municipal Regulations §§ 4303.1, 4303.2, 4303.3 (a), (b), (c), and (d).

That by his actions described above, Defendant breached the implied warranty of habitability in violation of the District of Columbia Housing Regulations, and that because such violations existed at the beginning of the tenancy, and Defendant was informed of such, Defendant was not entitled to the rent he received.

### F. Prayer For Relief

That the Court order Defendant to sell the premises to the Plaintiff.

That the sale price for the premises be determined by the Court.

That appropriate compensatory and punitive damages be awarded to Plaintiff and against Defendant.

In the alternative, that the Court order Defendant to lease the property to Plaintiff.

That Plaintiff be refunded all rent monies up until the month the most severe housing code violations were corrected.

That the amount of rent be determined by the Court in accordance with the laws of this jurisdiction.

That the Court order Defendant to grant first right of refusal to Plaintiff.

That appropriate compensatory and punitive damages be awarded to Plaintiff and against Defendant.

That Plaintiff be awarded costs and reasonable attorney's fees in this action; and

That the Court grant such additional and further relief as may be just and proper.

WHEREFORE, Plaintiff requests that the Court:

1. grant this motion to amend; and

2. grant such other relief as it may deep proper.

Joyce A. Burnett  
4801 41st Street NW  
Washington, D.C. 20016

Joyce Burnett

*Joyce Burnett*

Pro se Plaintiff

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of the foregoing Motion to Amend was mailed to Mr. Amar Sharma at 4813 Bayard Blvd. Bethesda, MD 20816 on September 16, 2001.

*Joyce Burnett*  
Joyce Burnett  
Pro Se Plaintiff

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
OCT 19 2001
Superior Court
of the District of Columbia
Washington, D.C.

JOYCE BURNETT          :
                       :
        Plaintiff,     :
                       :
   v.                  :  Civil Case No. 01ca5488
                       :
AMAR SHARMA            :
                       :
        Defendant.     :

### O R D E R

The Court denied plaintiff's Motion to Amend

Complaint for failure to comply with Rule 12-I.

Plaintiff has now filed a Certification of

Plaintiff's Attempts to Obtain Defendant's Consent to

Motion to Amend, *to gether with a Motion to Amend Complaint.*
That ~~certification is not accompanied~~
*The Motion is opposed. Accordingly, the court Orders that the plaintiff's*
~~by any motion and therefore will not be considered.~~ *If*
*Motion to Amend Complaint is granted. The plaintiff shall file a Second*
~~plaintiff wishes to amend her complaint, she should file~~
*Amended Complaint which*
a motion to amend, ~~accompanied by a certification~~ that

~~complies with Rule 12-I. She should attach a proposed~~

~~amended complaint~~ that states all factual allegations and claims.

SIGNED IN CHAMBERS

October 15, 2001

/s/ A. Franklin Burgess, Jr.
A. Franklin Burgess, Jr.
Judge

Copies mailed to:

Ms. Joyce Burnett
4801 41st Street, N.W.
Washington, D.C. 20016

Mr. Amar Sharma
4813 Bayard Blvd.
Bethesda, Maryland 20816

DOCKETED OCT 23 2001

MAILED OCT 23 2001

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

JOYCE BURNETT                          :
                                       :   9⁰⁰ – 4⁰⁰
         Plaintiff,                    :
                                       :
    v.                                 :   Civil Case No. 01ca5488
                                       :
AMAR SHARMA                            :
                                       :   (202) 879-1133
         Defendant.                    :   ask for his chambers

                         O R D E R    phone # to chambers
                                      (202) 879-1164

    The Court denied plaintiff's Motion to Amend

Complaint for failure to comply with Rule 12-I.

    Plaintiff has now filed a Certification of

Plaintiff's Attempts to Obtain Defendant's Consent to
                      to gether with an Motion to Amend Complaint.
Motion to Amend, That ~~certification is not accompanied~~
The Motion is unopposed. Accordingly, the court orders that the plaintiff)
~~by any motion and therefore will not be considered. If~~
Motion to Amend Complaint is granted. The plaintiff shall file a Second
~~plaintiff wishes to amend her complaint, she should file~~
Amended Complaint within
~~a motion to amend, accompanied by a certification~~ that

~~complies with Rule 12-I. She should attach a proposed~~

together with a motion to amend complaint

The motion is unopposed.
Accordingly, the court orders that
plaintiff's motion to amend complaint
is granted. The P shall file a

~~amended complaint~~ that states all factual allegations and claims.

SIGNED IN CHAMBERS

October 15, 2001

_____
A. Franklin Burgess, Jr.
Judge

Copies mailed to:

Ms. Joyce Burnett
4801 41st Street, N.W.
Washington, D.C. 20016

Mr. Amar Sharma
4813 Bayard Blvd.
Bethesda, Maryland 20816

DOCKETED OCT 23 2001
MAILED OCT 23 2001

2