UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Joyce Burnett** } | |
|     **Plaintiff** } | |
| } | |
| v. } | **Case No. 1:06CV00037** |
| } | |
| **Amar Sharma, et.al** } | |
|     **Defendants** } | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ONKAR N. SHARMA AND SHARMA LAW GROUP'S (FORMERLY SHARMA & BHANDARI) MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Fed.R.Civ.P., Defendants Onkar N.Sharma, and Sharma Law Group, formerly Sharma & Bhandari (collectively herein after "Sharma Law Group" or "SLG"), unless a specific reference is necessary, move this Honorable Court to dismiss this case for failure to state a claim upon which relief can be granted against the SLG.  SLG provided legal services to Amar Sharma (no relation) in Landlord Tenant actions between Joyce Burnett (the "Alleged Tenant") and Amar Sharma (the "Owner") related to Owner's efforts to take possession of his three bed room one bath residential property located at 4801 - 41st N.W., Washington D.C (the "Property"). Ms. Burnett seeks unspecified damages for her alleged claims of discrimination by SLG ("discrimination claims") under 42 S. C § 1981, 1983, 1983, and 1986 and

1

under the Fair Housing Act, 42 U.S.C § 3601. As demonstrated below, Ms. Burnett's claims are contrary to the facts and law applicable to this case:

I. In June 1998, Ms. Burnett had obtained one year sublease to rent one(1) room from previous tenant of the Owner. In November 1999 previous tenant of the Owner vacated the premises. Ms. Burnett continued to occupy the entire Property of the Owner until June 2003, when she was evicted from the property by Court proceedings.

II. In <u>Joyce Burnett V. Amar Sharma</u>, CA # 99-0008-031, on or about November 22, 1999, Ms. Burnett sought a Temporary Restraining order ("TRO") against the owner's effort to take possession of his property upon the termination of all lease(s) of previous tenant and sub tenant. In her Affidavit in support to her Motion for TRO Ms. Burnett stated as follows (Exh.1):

   I, Joyce Burnett, being duly sworn, state as follows:

   1. I am the Plaintiff in the above captioned case

   2. I have lived at 4801 41st street N.W, Washington D.C. 20016 for one (1) year and five (5) months.

3. On June 14, 1998 I signed a yearly lease to the premises, and as a co-tenant with Ms. Jennifer Jones, after responding to a vacancy in the Washington Post.

4. I met the Defendant within the first month of moving into the premises. The Defendant knew , at that time, I was either a co-tenant or subtenant. In fact, the Defendant and I even attended religious services together.

5. I paid rent to Ms. Jennifer Jones.

6. I have never failed to pay or was late paying my rent on the aforementioned premises.

7. I enjoy my residence and wish to remain.

8. I am currently enrolled I my second year of law school at American University school of law, I am a full time student.

9. On August 11, 1999, Jennifer Jones, Co-tenant, got married and on October 18, 1999, Jennifer Jones, gave notice that she was planing to vacate the premises.

10. As soon as I got word of the co-tenant intention to vacate the premises, I Spoke with the Defendant and inquired about the possibility of renting the entire and/or purchasing the premises. However, the Defendant refused to rent or sell the premises to me.

11. The Defendant stated the reason for his refusal was contributed to the defendant wanting to rent the premises to a family.

12. On November 15, 1999, I received a letter from the Law offices of Sharma & Bhandari advising me that the Defendant intended to retain possession of the property on November 22 ,1999, and change the locks on November 30,1999.  The Defendant's attorney also advised that the Defendant had found another tenant who is supposed to be renting the entire premises effective December 1, 1999.

13. I have no relatives in the Washington Metropolitan Area; am currently approaching examination period in law school; have limited financial means, and have no where else to go.

14. I understand that a false statement in this affidavit will subject me to the penalties of perjury. I have read the affidavit, and all statements in it are true to the best of my knowledge and belief.

III.  On or about November 29, 1999, based upon the consent of the owner and Ms. Burnett the Honorable Margret Haywood granted Ms. Burnett's Motion for TRO for Landlords failure to pursue legal action in Landlord Tenant Division of the Superior Court of the District of Columbia.

IV.  Since November 22 1999, Mr. Burnett has continued her efforts to purchase and/or lease the property from the owner.

V.   SLG served as counsel to the Owner between November 1999 and October 2002. In summary of 2002, Onkar N. Sharma was hospitalized for an extended period of time. Accordingly the Owner retained the services of Michael Brand, Esquire. Ms. Burnett claims that SLG discriminated against her between November 1999 and 2002 in L&T litigation initiated and/or defended by her. Ms. Burnett's claims of discrimination have no basis in fact or law.

VI.   In L&T 0337799-01, Ms. Burnett alleged insufficiency of service of process, among other grounds, seeking dismissal. Ms. Burnett's verified answer appended as Exh.2. is incorporated herein by reference.

VII.  Three additional L&T actions required to be filed by the Owner because Ms. Burnett, each time, secured a procedural victory for lack of service of process. These case numbers are L&T 00300-78, 001493-00, and 001-1086-01.

VIII. In Joyce Burnett v. Amar N. Sharma, T/P # 24, 910, District of Columbia, Department of Consumer and Regulatory affair, Hearing Examiner rejected Ms. Burnett's claims of retaliation and/or discrimination. A copy of

Decision and order dated July 31, 2000, incorporated as Exh.3 is incorporated by reference.

IX. This history of Ms. Burnett's ability to initiate TRO, defend L&T actions, and pursue her claims before the regulatory agency of the District of Columbia, clearly demonstrate her strategic actions to litigate the merits of her claims. Ms. Burnett's conclusionary statements of discrimination are contrary to her actions of aggressively litigating her claims.

X. On March 30, 2007, this Honorable Court has ruled that three (3) year statute of limitations bars Ms. Burnett's claims against the Owner . Memorandum opinion P.10-15. This Honorable Courts determination barring Ms. Burnett's discrimination claims against the owner is applicable to her discrimination claims against SLG, in full force and effect. TO dismiss this complaint against SLG, the Court is not obligated to draw an inference that is not supported by the facts presented. Kowal v. MCI Communications, Corp. 16 F.2d. 1271,1276 (D.C.Cir.1994).

**WHEREFORE**, for all the forgoing reasons, SLG requests entry of an order dismissing Ms. Burnett's discrimination claims against SLG and awarding of attorneys fees and costs against Ms. Burnett.

              Respectfully Submitted

              _____
              Onkar N. Sharma
              D. C. Bar # 217810

Sharma Law Group
9911 Georgia Avenue
Silver Spring
MD -20902
Phone ; 301-593-1993
Fax : 301-681-1222

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May 2007, I have sent a copy of the foregoing Defendants' Onkar N. Sharma and Sharma Law Group's Motion to Dismiss and Memorandum by overnight courier/U.S.Mail postage prepaid/hand delivered to:

    Joyce Burnett
    P.O. Box 6274
    Washington, D.C. 20015

    Michael A. DeSantis, Esquire
    Suite 800
    6301 Ivy Lane, Greenbelt
    MD -20770

    Jennifer A. Renton, Esquire
    P.O.Box 526
    Edgewater, MD -21037

    Patricia A. Jones, Esq.
    D.C.Office of AG
    441- 4TH Street, N.W.
    Washington D.C. 20001

    Michael Brand, Esquire
    Loewinger A. Brand
    471 H. Street, N. W.
    Washington D.C. 20001

    _____
    Onkar N.Sharma