**EXHIBIT-2**



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Landlord and Tenant Branch**

2001 SEP 14  A 9: 34

|  |  |  |
|---|---|---|
| AMAR SHARMA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. LT 0337799-01 |
| | ) | |
| JOYCE BURNETT, | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT FOR POSSESSION

Defendant, by and through counsel, responds to the Plaintiff's claim for possession as follows:

1. Defendant admits being in possession of the premises located at 4801 41 Street, NW, Washington, DC 20016, as she is currently the only tenant of the aforementioned premises.

2. Defendant denies that the Plaintiff is entitled to possession of the said premises.

3. Defendant denies that the Plaintiff instituted the action for possession in good faith and that Plaintiff intends to seek personal use and occupancy.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's action for possession is retaliatory because the landlord has filed three prior actions for possession and has not prevailed in any of them. In addition, the Defendant has recently complained of housing code violations and filed an action against the Defendant at the Office of Human Rights. It was after this filing, that Defendant received the Notice to Quit. This

action is in retaliation for all of the Defendant's assertions of her rights under her tenancy.

## THIRD AFFIRMATIVE DEFENSE

3.  Defendant asserts that Plaintiff attempted to evict defendant on account of race in violation of the Fair Housing Act, 42 U.S.C. §3604.

## FOURTH AFFIRMATIVE DEFENSE

4.  Defendant asserts that the action for possession based on personal use and occupancy is not in good faith.

## FIFTH AFFIRMATIVE DEFENSE

5.  Plaintiff's suit must be dismissed because Plaintiff filed it before Plaintiff's Notice to Quit has Expired.

## SIXTH AFFIRMATIVE DEFENSE

6.  This suit must be dismissed since no Notice to Quit was attached to the summons and complaint.

## SEVENTH AFFIRMATIVE DEFENSE

7.  This claim based on the Notice to Quit which expired on July 31, 2001 is invalid because the Notice to Quit based on personal use and occupancy gives the Defendant until September 30, 2001 to vacate the premises.

## EIGHTH AFFIRMATIVE DEFENSE

8.  This claim based on the Notice to Quit which expired on July 31, 2001 is invalid because that Notice to Quit was not filed with the Rent Administrator.

## NINTH AFFIRMATIVE DEFENSE

9.  This claim based on the Notice to Quit which expired on July 31, 2001 is invalid because there is no registration number or exemption number on that Notice to Quit.

## TENTH AFFIRMATIVE DEFENSE

10.  This claim based in the Notice to Quit which expired on July 31, 2001 is invalid because the Rental Housing Act states that a subtenant has the same rights as a tenant.

WHEREFORE, Defendant requests that the Court:

1.    dismiss the complaint with prejudice and enter judgment for Defendant, all costs to be paid by Plaintiff; and

2.    grant such other and further relief as it may deem proper.

## JURY DEMAND

Defendant requests a jury of twelve member.

## VERIFICATION

I. Joyce Burnett, being duly sworn, state that I have read the foregoing answer and that the facts therein are true to the best of my knowledge, information, and belief.

_Joyce Burnett_
Joyce Burnett

SUBSCRIBED AND AFFIRMED to before me this _____ day of
SEP 1 4 2001 _____, 2001.

_Taimiko Jackson_
Notary Public, District of Columbia   TAIMIKO JACKSON
DEPUTY CLERK

Respectfully submitted,

Edward Allen
Bar #919035
Supervising Attorney
(202)274-7326

Richard Hallock, LS No.: 9221
UDC School of Law
4200 Connecticut Ave., NW
Bldg. 38, 2nd Floor
Washington, DC 20008
(202)274-7315

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of the foregoing Defendant's Verified Answer and Jury Demand was hand delivered to: Onkar Sharma, Sharma & Bhanderi Law Offices, 9911 Georgia Ave., Silver Spring, MD 20902, Counsel for Plaintiff, this day of September 14, 2001.


Richard Hallock, Student Attorney