# **EXHIBIT-3**

Case 1:06-cv-00037-RBW     Document 43-5     Filed 05/15/2007     Page 1 of 13



GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
Office of Adjudication
P. O. Box 37140
Washington, D.C. 20013-7200

```
JOYCE BURNETT                     ]
     Tenant/Petitioner            ]    T/P #24,910
                                  ]    4801 - 41ST Street, NW
          v.                      ]
                                  ]
AMAR NATH SHARMA                  ]
     Housing Provider/Respondent  ]
_____]
```

## DECISION AND ORDER

### Jurisdiction

**CARL BRADFORD, HEARING EXAMINER:** The above-captioned matter comes before the District of Columbia Department of Consumer and Regulatory Affairs, Office of Adjudication (OAD), from the Rental Accommodations and Conversion Division (RACD), pursuant to Title II of the Rental Housing Act of 1985, D.C. Law 6-10, as amended, effective July 17, 1985, (the Act), D.C. Code Section 45-2501 et seq. (1990), the D.C. Administrative Procedure Act, D.C. Code Section 1-1501 et seq. (1992), and the Rules of the Rental Housing Commission, 33 DCR 2656 (May 2, 1986), 14 DCMR Section 3800 et seq. (the Rules).

### Procedural History

Tenant Petitions T/P #24,910 was filed with RACD on February 14, 2000. The matter was heard on April 11, 2000.

Notice of the date, time, and place of the February 22, 1996 hearing was furnished to the parties in accordance with section 216(c) of the Act, D.C. Code 45-2526(c) (1990).

Present at the hearing were: Joyce A. Burnett, Petitioner; Amar N Sharma, Respondent and Onkar N. Sharma, counsel for Respondent.

T/P 24,910
Page 2

## Issues Considered

1. Whether the building in which Petitioner's rental unit was located was properly registered with the Rental Accommodations and Conversion Division?

2. Whether services and facilities provided in connection with the rental unit have been substantially reduced?

3. Whether retaliatory action has been taken against Petitioner?

4. Whether improper notice to vacate has been served on Petitioner?

## Description of the Property

The housing accommodation is a single-family house containing three- (3) room one of which Petitioner resides. In ward 3.

## Summary of the Case

The evidence before the agency is the accommodation is a single-family house rented out to Jennifer Jones who sublet a room to Petitioner for $400.00 dollar a month. Petitioner alleges that there has been a reduction in service and facilities and retaliation has been taken against petitioner after she exercised a right she has under the Rental Housing Act of 1985. Further, an improper notice to vacate has been served on Petitioner.

## Registration

The Respondent testified that the property 4801 41st. Street, NW is exempt from rent control based on D.C. Code 45-2515(a)(2) which provides:

> Any rental unit in any federally or District-owned housing accommodation or in any housing accommodation with respect to which the mortgage or rent is federally or District subsidized except units subsidized under subchapter 111;

T/P 24,910
Page 3

(2) Any rental unit in any newly constructed housing accommodation for which the building permit was issued after December 31, 1975, or any newly created rental unit, added to an existing structure or housing accommodation and covered by a certificate of occupancy for housing use issued after January 1, 1980, provided, however, this exemption shall not apply to any housing, the construction of which required the demolition of an housing accommodation subject to this chapter, unless the newly constructed rental units exceeds the number of demolished rental units;

. . . . .


(3)(c) The housing provider of the housing accommodation files with the Rental Administrator a claim of exemption statement which consists of an oath or affirmation by the housing provider of the valid claim to the exemption. The claim of exemption statement shall also contain the signatures of each person having an interest, direct or indirect, in the housing accommodation. Any change in the operation of the exempted housing accommodation which would invalidate the exemption claim must be reported in writing to the Rent Administrator within 30 days of the change.

. . . .

(f) Within 120 days of July 17, 1985, each housing provider of any rental unit not exempted by this act and not registered under the Rental Housing Act of 1980, shall file with the Rent Administrator, on a form, approved by the Rent Administrator, a new registration statement for each housing accommodation in the District for which the housing provider is receiving rent or is entitled to receive rent. Any person who becomes a housing provider of such a unit after July 17, 1985 shall have 30 days within which to file a registration statement with the Rent Administrator. No penalty shall be assessed against any housing provider who, during the 120 day period, registers any units under this chapter, for the failure to have previously registered the units.

T/P 24,910
Page 4

Petitioner alleges that she was challenging the Respondent claim of exemption. The Respondent testified that the property was exempt from rent control. He provided the Examiner with a copy of a claim of exemption (526873) dated November 29, 1999.

In Goodman v. District of Columbia Rental Housing Commission, D.C. Wash. L. Rptr. 118, 1285 (D.C. Court of Appeals, (June 12,1990) the Court ruled that the "landlord has the burden of proving that he is exempt from the coverage of the Rental Housing Act, and the statutory exemptions are to be narrowly construed, (citing) Revithes v. District of Columbia Rental Housing Commission, 536 A. 2d 1007 (D.C. App. 1987); Remin v. District of Columbia Rental Housing Commission, 471 A.2d 275, 279 (D.C. App. 1984).

Based on the evidence presented, the Examiner finds that the Respondent is a small landlord who does not own any other rental property in the District of Columbia. Even if it were determined that the Respondent was landlord she could be considered small landlords under the proof of "Special Circumstances" (See in Best v. Gayle, TP 23,043 (RHC Nov. 21, 1996).

The Commission has held that the following special circumstances will excuse a small housing provider's failure to file a claim of exemption:"(1) he was not a real estate professional; (2) he was not a landlord regularly; (3) he was reasonably unaware of the requirement of filing a claim of exemption; and (4) the rent charged was reasonable". The Commission held that the housing provider in this case, a dentist who owned four rental units, met these requirements.

The Commission rejected the tenant's argument that the housing provider was "a landlord regularly" because he had owned the four units for 20 years; there is not limit on the length of time that a housing provider can own his rental units and still meet the special circumstances requirement, the Commission said.

There was not evidence presented by Petitioner that the Respondent rented or owned any other rental unit in the District of Columbia. Accordingly, the Examiner finds that the property is exempt from Rent Control. Respondent has properly registered his property and obtained all the required permits he needed to be considered properly registered as provided by the Rental Housing Act of 1985. Because it has been determined that the property is presently

T/P 24,910
Page 5

exempt, the Examiner dismisses all issues except the issues of Retaliation and improper notice to vacate.

<u>Retaliation</u>

Petitioner alleges that the Respondent's has retaliated against her because she obtained a restraining order preventing him from changing the locks on the house.

The Respondent states there have been no act of retaliation on her part against Petitioner. All she wants to do is take possession of her house.

D.C. Code Section 45-2552(1990) prohibits retaliatory action, which is defined as:

> No housing provider shall take any retaliatory action against any tenant who exercises any right conferred upon the tenant by this chapter, by any rule or order issued pursuant to this chapter, or by any other provision of law. Retaliatory action may include any action or proceeding not otherwise permitted by law which seeks to recover possession of a rental unit, action which would unlawfully increase rent, decrease services, increase the obligation of a tenant, or constitute, undue or unavoidable inconvenience, violate the privacy of the tenant, harass, reduce the quality or quantity of service, any refusal to honor a lease or rental agreement or any provision of a lease or rental agreement, refusal to renew a lease or rental agreement, termination of a tenancy without cause, or any other form of threat or coercion. (Emphasis supplied).

In determining whether an action taken by a housing provider against a tenant is retaliatory, the trier of fact shall presume retaliatory action has been taken, and shall enter judgment in the tenant's favor, unless the housing provider comes forward with clear and convincing evidence to rebut the presumption, if within six (6) months preceding the housing provider's action, the tenant:

(1) Has made a witnessed oral or written request to the housing provider to make repairs which are necessary to bring the housing accommodation or the rental unit into compliance with the housing regulations;

T/P 24,910
Page 6

(2) Contacted the appropriate officials of the District government, either orally in the presence of a witness or in writing, concerning existing violations of the housing regulations in the rental unit the tenant occupies or pertaining to the housing accommodation in which the rental unit is located, or reported to the officials suspected violations which, if confirmed, would render the rental unit or housing accommodation in noncompliance with the housing regulations;
(3) Legally withheld all or part of the tenant's rent after having given a reasonable notice to the housing provider, either orally in the presence of a witness or in writing, of a violation of the housing regulations;
(4) Organized, been a member of, or been involved in any lawful activities pertaining to a tenant organization;
(5) Made an effort to secure or enforce any of the tenant's rights under the tenant's lease or contract with the housing provider; or
(6) Brought legal action against the housing provider.

To prove her case, Petitioner must demonstrate first that Respondent committed the alleged retaliatory act. Next, Petitioner must demonstrate that he engaged in one of the actions protected by D.C. Code Section 45-2552(b)(1990), hence giving rise to the presumption of retaliatory action, or that respondent was in fact retaliating against Petitioner, for the exercising of some right.

In the instant case, Petitioner offered testimony that the Respondent retaliated against her by engaging in verbal harassment and threats to change the locks on the house and throwing out her belonging. All of this occurred after the primary tenant moved out of the house leaving only the subtenant the Petitioner in the house.

Upon careful review of all the testimony presented the Examiner finds that Petitioner's testimony did not support the presumption of retaliation. The Examiner is persuaded by the Respondent testimony that she was only attempting get her housing from the Petitioner who refused to move because she could not afford to move to another location. However, the Respondent could not afford to rent the house to Petitioner because she could not pay more than the $400 she was paying the primary tenant. Accordingly, the Examiner finds Respondent has not retaliated against Petitioner in

T/P 24,910
Page 7

violation of D.C. Code 45-2552(1990). Accordingly, the Examiner dismisses this issue.

Notice to Vacate

Petitioner alleges that the Respondent served an improper notice to vacate in violation of section 501 of the Act. The Respondent alleges there was no retaliation on her part. She only doing what she had a right to do to gain possession of her house.

The Examiner after listening to the testimony of the parties is persuaded by the Petitioner testimony that she has received a notice to vacate which violates section 501 of the Rental Housing Act. The Respondent has asked Petitioner to move verbally and in a letter dated October 14, 1999. However, the Examiner does not penalize the Respondent because there was no bad faith on the part of the Respondent in serving the notice. There was not a total disregard for the law here. Once the Respondent was put on notice that she was in violation she took corrective action. Accordingly, the Examiner determines that the Respondent has served an improper notice on Petitioner. However, the Examiner does not penalize the Respondent.

Evidence and Pleadings Considered

The evidence and pleadings considered in this matter consist of the following:

3.  The following documents submitted by Respondent at the hearing:

    Respondent's Exhibits #1: Copy of registration dated November 29, 1999;

    Respondent's Exhibits #2: Copy of letter to Ed Allen from Onkar N. Sharma dated April 5, 2000;

    Respondent's Exhibits #3: Copy of letter to Petitioner dated November 29, 1999;

    Respondent's Exhibits #4: Copy of Lease dated June 14, 1998;

    Respondent's Exhibits #5: Copy of letter to Petitioner dated February 11, 2000;

T/P 24,910
Page 8

Respondent's Exhibits #6: Copy of letter to Amar Sharma from Jennifer A. Renton;

Respondent's Exhibits #7: Copy of notice of hearing and order to appear dated October 29, 1999;

Respondent's Exhibits #8: Copy of Petitioner motion in Superior Court dated February 3, 2000;

Respondent's Exhibits #9: Copy o affidavit from Susan Kilborn realtor dated March 10, 2000; and

Respondent's Exhibits #10: Copy of lease dated August 25, 1990.

The document submitted by Respondent at the hearing:
None.

4. The following item over which the Examiner took official notice, in accordance with the <u>District of Columbia Administrative Procedures Act</u>, D.C. Code § 1-1509 (c) and <u>Carey v. District of Columbia Unemployment Compensation Bd.</u>, 304 A.2d 18 (D.C. 1973):

    RACD registration file for 4801 41 Street, NW, Washington, D.C.

<u>Evaluation of the Evidence and Legal Analysis</u>

All documentary evidence submitted by the parties was admitted into evidence. The record officially closed on April 11, 2000.

The Examiner after a review of the testimony determines that Respondent has shown with clear and convincing evidence that he is exempt from rent control. Accordingly, this issue is dismissed.

```
T/P 24,910
Page 9
```

Finding of Fact

After a careful evaluation of all the evidence, the Examiner finds, as a matter of fact:

1. That Petitioner has been a tenant at 4801 41 Street, NW Washington, D.C. 20016 since June 14, 1998.

2. Amar Nath Sharma own the housing accommodation located at 4801 41th Street, NW Washington, D.C. 20016

3. Respondent has properly registered the property.

4. The housing accommodation is exempt from rent control.

5. Respondent has not retaliated against Petitioner.

6. Respondent did serve an improper notice on Petitioner; However, she did not following up on the notice.

7. The Petitioner was a sub-tenant in the housing accommodation.

8. The housing accommodation is a single-family house.

Conclusion of Law

After a careful evaluation of all the evidence and findings of fact, the Examiner concludes, as a matter of law:

1. That Respondents is properly registered pursuant to D.C. Code 45-2515.

2. Respondent did not retaliate against Petitioner in violation of D.C. Code 45-2552.

3. That all issues raised in the petition are dismissed.

4. That the property located at 4801 41st Street, NW is exempt from rent control.

Order

Therefore, it is hereby ORDERED this 31st day of July

T/P 24,910
Page 10

_____, 2000, that Tenant Petition #24,910 is hereby denied and dismissed, with prejudice.

It is FURTHER ORDERED that,

This decision is effective immediately.

<u>Right to File Motion for Reconsideration or to Appeal</u>

Any party who believes that this Decision is either: (1) the result of a default judgment because of that party's failure to appear at the hearing; (2) contains typographical, numerical, or other technical errors; (3) contains clear error that is evident on its face; or (4) should be reconsidered because newly discovered evidence exists which could not have been discussed at the hearing, may file a Motion for Reconsideration with the Office of Adjudication, Hearing Examiner Division (OAD/HED).

Any party who believes this Decision is not supported by the evidence before the Hearing Examiner, or that the law was applied incorrectly, may request a review by the Rental Housing Commission, by filing a Notice of Appeal. The notice must set forth the specific reasons for appeal which must be based on the evidence in the official record or the application of the law.

The filing of either a Motion for Reconsideration or a Notice of Appeal shall stay the effectiveness of this Order until such time as the motion and/or appeal has been resolved.

Motions for Reconsideration and Appeals from the Rent Administrator's Decision must be file-stamped with the Office of Adjudication or the Commission, respectively, and served on opposing parties within ten (10) days of the Decision of the Rent Administrator, excluding Saturdays, Sundays and holidays, on or before   AUG 17 2000  , allowing three (3) additional days for mailing pursuant to 14 DCMR 3912.5. All pleadings and other filings shall be deemed filed when actually received and stamped by OAD/HED or the Commission during business hours (9:00 a.m. to 3:00 p.m.) on or before the due date.

T/P 24,910
Page 11

**Right to file a motion for Reconsideration or Appeal** [continued]

Address any Motion for Reconsideration to:

>   Office of Adjudication
>   941 North Capitol Street, NE Room 9100
>   Washington, D.C. 20002

Address any Notice of Appeal to:

>   Rental Housing Commission
>   941 North Capitol Street, NE Room 9100
>   Washington, D.C. 20002

Motions for Reconsideration must be decided within ten (10) days from the date on which they are filed. If no ruling on the motion is issued within those ten (10) days, the motion is automatically denied.

The time for appeal does not run while a Motion for Reconsideration is pending. However, once a ruling on a Motion for Reconsideration is issued, or the time to decide such a motion lapses, the ten (10) days to file an appeal begins to run again.

The failure of the party to file a timely appeal shall result in the waiver of the right to have this Decision reviewed by the District of Columbia Court of Appeals.

_____
CARL BRADFORD, Hearing Examiner
Hearing Examiner Division
Office of Adjudication
Department of Consumer and Regulatory Affairs

T/P 24,910
Page 12

Copies to:

Joyce Ann Burnett
4801 41st Street, NW
Washington, DC 20016

Onkar N. Sharma
9911 Georgia Ave.,
Silver Spring, MD 20902

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be mailed on JUL 31 2000,
the Decision and Order in T/P #24,910 to the above-listed parties.

_____
Certifying Party